473 So.2d 140 (1985)
Johnnie J. ST. ANDRIE, Relator,
v.
Terry ST. ANDRIE, Respondent.
No. 85-124.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1985.
Rehearing Denied August 13, 1985.
*141 Broussard, Bolton and Halcomb, Roy S. Halcomb, Jr., Alexandria, for plaintiff-relator.
Chris J. Roy and Angelo Piazza, III, Alexandria, for defendant-respondent.
Before DOMENGEAUX, STOKER and DOUCET, JJ.
DOUCET, Judge.
Johnnie St. Andrie seeks relief from a judgment sustaining defendant's declinatory exception of lack of subject matter jurisdiction to decide the custody of the child of his marriage to Terry St. Andrie.
The plaintiff, Mr. St. Andrie, has resided in Louisiana all his life. His parents and most of his relatives live in Louisiana. The defendant, Terry St. Andrie, has lived in Georgia for most of her life. She lived in Louisiana for about three years before her marriage to the plaintiff. The parties moved to Georgia about four months after their marriage. A short time later the minor child, Ryan P. St. Andrie, was born. In mid-November 1982, the parties returned to Louisiana. A few days later, the parties separated. Terry St. Andrie went back to Georgia, taking the child with her. The plaintiff stayed in Louisiana. At that time, the parties informally agreed that each was to have custody of the child for alternating four month periods.
In April 1983, the plaintiff was given custody pursuant to the voluntary agreement. In August 1983, the plaintiff voluntarily relinquished the child to the defendant. However, in December 1983, the defendant refused to surrender custody of the child to the plaintiff.
*142 On December 2, 1983, the plaintiff filed a petition for divorce and for custody of the child. The defendant did not enter an appearance. Although attempts were made to serve her personally, the defendant claims that she had no actual notice of the proceedings. A curator ad hoc was appointed to represent her. On February 10, 1984, a judgment of final divorce was rendered in favor of the plaintiff on the grounds that the parties had lived separate and apart for a period in excess of one year. The judgment awarded joint custody, alternating between the parties every six months. A certified copy of the judgment was mailed to the defendant on February 15, 1984. She received it on February 21, 1984. The judgment was not appealed and became final. The defendant does not, even now, dispute the validity of the divorce portion of the judgment. However, she does dispute the jurisdiction of the court to decide the custody of the minor child.
Pursuant to the judgment, the defendant retained custody until May 31, 1984. At that time she refused to give custody of the child to the plaintiff, as required under the provisions of the custody judgment.
On August 28, 1984, and again on October 24, 1984, the plaintiff obtained civil warrants in Louisiana to enforce the February 10, 1984 custody decree. He also applied for a writ of habeas corpus in Georgia for the same purpose. In response to the latter writ application, the defendant filed a motion to dismiss and a custody action in the Georgia court. She alleged that the custody determination of the February 10, 1984, judgment was invalid, since the Louisiana court lacked subject-matter jurisdiction. The Superior Court of Georgia ruled that all proceedings there be continued, and that, pursuant to the Uniform Child Custody Jurisdiction Act, the Louisiana Court be granted an opportunity to rule upon the jurisdictional validity of the February 10, 1984, child custody determination.
On November 24, 1984, the defendant relinquished custody of the child to the plaintiff. On December 19, 1984, the plaintiff filed the rule now before the court. In that rule, he asked for a change in the dates for the alternating periods of custody in order to make up to him the loss of custody during the period when his former wife refused to give him custody under the February 10, 1984, judgment. In response to that rule, the defendant filed an exception of lack of subject matter jurisdiction. The trial judge granted the exception. The plaintiff applied for writs to this court, which were denied on the grounds that the plaintiff had an adequate remedy on appeal. The Supreme Court, in response to a writ application by the plaintiff, granted the writs and remanded the case to this court for a determination. 466 So.2d 1295.
The defendant, in her exception, argued that insufficient contacts exist between the minor child and this state in order for the trial court to have proper subject matter jurisdiction. The trial court agreed. La. R.S. 13:1702 enunciates the standards for determining the proper jurisdiction for actions concerning child custody under the Uniform Child Custody Jurisdiction Act. Both Louisiana and Georgia have passed the Uniform Act.
§ 1702. Jurisdiction
A. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(1) This state (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
(2) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the child's present or *143 future care, protection, training, and personal relationships; or
(3) The child is physically present in this state and (i) the child has been abandoned or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or
(4)(i) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with Paragraphs (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that this court assume jurisdiction.
B. Except under Paragraphs (3) and (4) of Subsection A, physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.
C. Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody.
The Supreme Court analyzed these standards in Revere v. Revere, 389 So.2d 1277 (La.1980):
"Under the statutory scheme a Louisiana court competent to adjudicate child custody has jurisdiction to render initial decrees or modifications in two principal situations: (1) when Louisiana is the child's home state [R.S. 13:1702A(1)]; and (2) when the child and at least one contestant have a significant connection with Louisiana so that it is in the best interest of the child that Louisiana assume jurisdiction [R.S. 13:1702A(2)]. Section 1702 also covers emergency situations because Louisiana is the more appropriate forum.
The "home state" standard provides a jurisdictional concept which is easy to apply without need of further inquiry. Under this rule jurisdiction is automatic if the child lived in Louisiana with a parent or a person acting as a parent for at least six consecutive months at the time the proceeding was commenced, or if the child within six months of commencement is removed from Louisiana or retained elsewhere while the parent or person acting as a parent continues to live in Louisiana.
The theory is that the court of the home state is in the best position for evidence gathering and for exercising continuity of control, so that when the home state has jurisdiction, courts of other states should generally defer to and cooperate with that jurisdiction.
The "significant connection" standard is a more flexible one, based on strong contacts of the child and the contestant with the state in which the proceeding is commenced. This standard provides a "best interest" basis for jurisdiction when Louisiana has a legitimate concern as to custody and has superior access to evidence concerning the child's care, training, well being and personal relationships."
In order to determine the proper jurisdiction, it is necessary to determine the time at which the custody proceeding commenced. Plaintiff filed the original petition for divorce and for custody on December 2, 1983. The rule to change the beginning dates of the alternating periods of custody was filed on November 24, 1984.
The plaintiff, through the rule, does not seek a change in custody or a change in the status quo of joint custody. He seeks recognition of his right to custody of the child for a full six-month period from December 1, 1984 to June 1, 1985. The February 10, 1984 custody judgment mandates the return of the child to the defendant on January 1, 1985. This assumes an earlier compliance with the judgment by the defendant. The defendant, however, denied to the plaintiff his rightful custodial period of June 1, 1985 through December 31, 1985. This is not a new custody proceeding. In reality, it represents an effort to enforce the original custody decree by adjusting the letter of its provisions to conform with *144 the spirit of its six-month sharing provision, in light of the reality of the custody situation at present. In this way the child's time will end by being equally divided. Since this is not a new custody proceeding, the date of institution of the custody proceeding must be considered to be December 2, 1983, the time of filing of the original divorce petition rather than December 19, 1984, the time of filing of the custody rule.
Analyzing the situation before the court under the "home state" standard, during the six-month period prior to the institution of the custody proceeding, the child spent approximately 3½ months in Georgia and 2½ months in Louisiana. Further, no allegation is made that the child was wrongfully removed from or retained in either state by either party; rather, the child was transferred from Louisiana to Georgia during the six-month period pursuant to mutual agreement of the parties. After the separation of the parties, the child was in fact shuttled back and forth between Georgia and Louisiana every few months. Therefore, it is clear that the child has no "home state".
That being the case, it is necessary to determine which of the two states has the more "significant connections". The applicable test is set forth in Schroth v. Schroth, 449 So.2d 640 (La.App. 4th Cir. 1984):
"[2] To establish a "connection" sufficient for jurisdiction in Louisiana, the defendant must demonstrate:
1. That it is in the child's best interest to determine custody in Louisiana;
2. That the child and at least one parent have a significant connection to Louisiana, and
3. That there must be available in Louisiana the maximum amount of evidence concerning the child."
See also: Hadley v. Hadley, 394 So.2d 769 (La.App. 4th Cir.1981) writ denied 399 So.2d 622 (La.1981).
It is clear that both Georgia and Louisiana have "significant connections". With regard to Georgia, the child was born there and spent most of his life there. The mother and child undoubtedly have friends, relatives, and acquaintances there. Substantial evidence relevant to a custody determination is undoubtedly present there. With regard to Louisiana, the child has spent several lengthy periods of time here. The child's father resides here and has resided here most of his life. The child's maternal grandfather and paternal grandparents reside here. Other relatives and acquaintances reside here. Substantial evidence relevant to a custody determination is present here. As a result, we believe that the best interest of the child could be equally well served by a custody determination by either state. Therefore, either Georgia or Louisiana may properly exercise subject matter jurisdiction in this matter. However, the Supreme Court in Revere v. Revere, supra, stated that where more than one state may properly exercise jurisdiction, the conflict may be avoided by reference to La.R.S. 13:1705 "which requires a court with jurisdiction under the Uniform Act to defer to the court of another state with Uniform law jurisdiction when the first proceeding was filed in the latter State". A similar provision exists at Ga. Code Ann. § 19-9-46 under the Uniform Act as adopted by Georgia.
Since the custody proceeding in Louisiana was initiated on December 2, 1983, while the action in Georgia was filed on November 21, 1984, the prior filing occurred in Louisiana. Consequently, the Louisiana court should exercise subject matter jurisdiction. The Georgia court should defer to the court of prior filing.
Therefore, it appears that the trial court erred in declining to exercise subject matter jurisdiction.
Accordingly, we reverse the decision of the trial court and remand to the lower court for further proceedings on the custody rule.
REVERSED AND REMANDED.