712 So.2d 713 (1998)
Sherryann Sansovich EDGEWORTH
v.
Michael W. EDGEWORTH, Sr.
No. 98-CA-57.
Court of Appeal of Louisiana, Fifth Circuit.
May 27, 1998.
*714 Eric A. Bopp, Arabi, for Plaintiff-Appellant.
Leo J. Palazzo, New Orleans, for Defendant-Appellee.
Before GAUDIN, DUFRESNE and CANNELLA, JJ.
DUFRESNE, Judge.
The sole issue presented in this appeal is whether the trial court erred in determining that Arizona is the appropriate forum to litigate issues pertaining to child custody and visitation.
Plaintiff/appellant, Sherryann Sansovich Edgeworth (hereinafter referred to as Ms. Sansovich), and defendant/appellee, Michael W. Edgeworth, Sr., were married but physically separated in May of 1989. The parties were granted a divorce in the 24th Judicial District Court for the Parish of Jefferson by judgment signed on August 29, 1991. Two children were born of this marriage, namely Heather M. Edgeworth, whose date of birth is June 21, 1983, and Michael W. Edgeworth, Jr., whose date of birth is September 19, 1984.
Since these divorce proceedings were instituted, there has been a continuing battle over the custody of the minor children. Initially, the issues of custody and visitation were raised in the Civil District Court for the Parish of Orleans, when the parties were awarded joint custody of the children, with Ms. Sansovich having primary physical custody. However, Mr. Edgeworth subsequently filed a rule to change custody in the 24th Judicial District Court alleging that the children had been emotionally and physically abused while in the custody of Ms. Sansovich and her new husband. By judgment signed on June 23, 1993, the court granted the temporary custody of the minor children to Mr. Edgeworth, with Ms. Sansovich being given the privilege of interim visitation subject to certain restrictions. When Ms. Sansovich violated provisions of the June 23, 1993 interim custody order, she was held in contempt of court and sanctioned accordingly. In addition, the June 23, 1993 order was modified to further restrict her visitation.
Thereafter, on February 9, 1994, the matter came for hearing on the issue of permanent custody. By written judgment signed on February 25, 1994, the parties were awarded joint custody, with Mr. Edgeworth being given domiciliary custody of the minor children. Ms. Sansovich was awarded visitation privileges, once again subject to certain restrictions. In April of 1994, Mr. Edgeworth notified the court that he was relocating his family to Glendale, Arizona. Ms. Sansovich thereafter filed a petition for writ of habeas corpus, seeking the return of the minor children to Jefferson Parish. She also filed a rule for change of custody and rule for contempt against Mr. Edgeworth.
Despite apparent attempts, Ms. Sansovich was unable to effect service on Mr. Edgeworth and the matter had to be continued. After service was ultimately effected on Mr. Edgeworth's new wife, Mr. Edgeworth filed declinatory exceptions of insufficiency of service of process and lack of jurisdiction.
A hearing was subsequently held to determine the issue of jurisdiction. After considering the evidence presented as well as his communications with the Superior Court of Arizona in which Mr. Edgeworth had filed pleadings relating to custody, the Jefferson Parish district court judge ruled that concurrent jurisdiction existed between the State of Louisiana and the State of Arizona; that Arizona is indeed the home state of the minor children and has been since April of 1994; that at the present time there exists within the State of Arizona more relevant and detailed information about the children's present mental and physical well-being than in the State of Louisiana; and that Arizona is the appropriate forum within which the parties *715 should litigate issues pertaining to custody and visitation.
It is from this judgment that Ms. Sansovich now appeals. She specifically argues that the trial court erred in holding that Arizona is the proper forum to litigate issues pertaining to custody and visitation.
A Louisiana court which is otherwise competent to adjudicate child custody has jurisdiction to make a child custody determination under the Uniform Child Custody Jurisdiction Act (UCCJA) if Louisiana is the home state of the child. LSA-R.S. 13:1702(A)(1). A Louisiana court also has jurisdiction if it is in the best interest of the child for a court of this state to assume jurisdiction because the child and his parents or the child and a contestant have a significant connection with the state and there is substantial evidence available in this state to be considered in making a custody determination. LSA-R.S. 13:1702(A)(2).
The home state is automatically given jurisdiction because theoretically the court of the home state is in the best position for evidence gathering and for exercising continuity of control, so that when the home state has jurisdiction, courts of other states should generally defer to and cooperate with that jurisdiction. The state with significant connection also has a basis for jurisdiction because of its superior access to evidence concerning the child's care, training, well being and personal relationships. Revere v. Revere, 389 So.2d 1277 (La.1980); Devillier v. Smith, 950846 (La.App. 1 Cir. 11/9/95), 665 So.2d 71.
Jurisdiction may exist concurrently in two different states under the home state and significant connection standards. Under these circumstances the state with significant connections need not always defer to the home state. Where both states present a legitimate claim of significant connection, the law requires a comparative determination as to whether one state has a greater or more recent significant connection with the child. Broadway v. Broadway, 623 So.2d 185 (La. App. 2 Cir.1993).
LSA-R.S. 13:1706 provides guidance in determining the appropriate forum to litigate child custody matters. It provides, in pertinent part, as follows:
A. A court which has jurisdiction under this Part to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.
B. A finding of inconvenient forum may be made upon the court's own motion or upon motion of a party or a curator ad hoc or other representative of the child.
C. In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, among others:
(1) If another state is or recently was the child's home state.
(2) If another state has a closer connection with the child and his family or with the child and one or more of the contestants.
(3) If substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state.
(4) If the parties have agreed on another forum which is no less appropriate, and
(5) If the exercise of jurisdiction by a court of this state would contravene any of the purposes stated in Section 1700.
D. Before determining whether to decline or retain jurisdiction the court may communicate with a court of another state and exchange information pertinent to the assumption of jurisdiction by either court with a view to assuring that jurisdiction will be exercised by the more appropriate court and that a forum will be available to the parties.
Applying these factors to the instant case, we find no error in the trial court's determination that Arizona is the appropriate forum within which the parties should litigate issues pertaining to child visitation. The children have continuously resided in Arizona with their father since April of 1994. They *716 attend school in Arizona and also have been receiving psychological treatment there. Thus, we are in accord with the trial court's ruling that Arizona is the home state of the children and that at the present time there exists more relevant and detailed information about the children's mental and physical well being in Arizona. Moreover, we feel that the rights of Ms. Sansovich will be adequately protected by the Arizona court. The Jefferson Parish district court judge communicated with the Arizona court judge who expressed that every procedural right to which the mother is entitled to exercise with regard to challenging the present custodial arrangement and to obtaining visitation with the minor children would be protected. See Janik v. Janik, 542 So.2d 615 (La.App. 5 Cir.1989).
For the reasons set forth herein, we affirm the trial court's determination that Arizona is the proper forum to litigate the pending custody and visitation issues.
AFFIRMED.