825 So.2d 548 (2002)
Tommy B. HENRY
v.
Rebecca Decker HENRY.
No. 02-CA-147.
Court of Appeal of Louisiana, Fifth Circuit.
June 26, 2002.
Richard B. Levin, New Orleans, LA, for Appellant.
W. Paul Weidig, Metairie, LA, for Appellee.
*549 Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS and SUSAN M. CHEHARDY.
MARION F. EDWARDS, Judge.
Appellant contests the trial court's ruling that granted defendant's Exception of Forum Non Conveniens in a child custody matter. For the following reasons, we affirm.
Tommy B. Henry and Rebecca Decker Henry were married in Clark County, Indiana on July 22, 2000. On February 9, 2001, Mrs. Henry gave birth to a son, Z.H. The Henrys continued to reside in Indiana until May 30, 2001 when they moved to Jefferson Parish, Louisiana, so that Mr. Henry could commence new employment.
On October 11, 2001, Mr. Henry filed a Petition for Divorce and Determination of Incidental Matters in the 24th Judicial District Court in and for the Parish of Jefferson. In his petition, Mr. Henry alleged that Mrs. Henry had abandoned the matrimonial domicile, taking Z.H. with her. On October 15, 2001, Mrs. Henry initiated her own divorce proceedings against Mr. Henry in the Clark Circuit Superior Court in Indiana. Additionally, Mrs. Henry retained counsel in Louisiana who filed a Declinatory Exception of Lack of Subject Matter Jurisdiction and Inconvenient Forum in the proceedings instituted by Mr. Henry.
After a hearing on Mrs. Henry's exceptions on November 29, 2001, the trial court took the matter under advisement, pending a telephone conference with Judge Blau, to whom the case had been allotted in Indiana. On December 6, 2001, the trial court ruled that Louisiana did have subject matter jurisdiction, but granted Mrs. Henry's Exception of Forum Non Conveniens regarding child custody. The portions of the proceedings relating to custody and visitation were transferred to Indiana, while the Louisiana trial court maintained jurisdiction over the divorce and other ancillary matters. Mr. Henry timely filed this appeal.

LAW AND ANALYSIS
In his first five assignments or error, appellant asserts that the trial court erred in both granting the Exception of Forum Non Conveniens, and in further failing to indicate certain grounds upon which it granted Mrs. Henry's exception. Specifically, Mr. Henry argues that the trial court did not indicate whether it took into consideration: 1) the fact that Mrs. Henry moved Z.H. to another state; 2) if an Indiana court could exercise jurisdiction in conformity with its own laws, and; 3) if an Indiana court could, under UCCJA, properly exercise jurisdiction.
In Louisiana, jurisdiction over child custody matters are established by La.C.C.P. Art. 10(A)(5), as well as the Uniform Child Custody Jurisdiction Law, LSA-R.S. 13:1700 et seq. Pertinent to the court's initial inquiry of jurisdiction is a determination of the child's "home state." LSA-R.S. 13:1701 defines the term as follows:
(5) "Home state" means the state in which the child immediately preceding the time involved lived with his parents, a parent, or a person acting as parent, for at least six consecutive months, and in the case of a child less than six months old the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the six-month or other period.
LSA-R.S. 13:1702 provides, in relevant part:
A. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination *550 by initial or modification decree if:
(1) This state (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
(2) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;
LSA-R.S. 13:1706, however, provides the guidelines by which a court may determine that Louisiana is an inconvenient forum to determine child custody matters:
A. A court which has jurisdiction under this Part to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum ...
C. In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, among others:
(1) If another state is or recently was the child's home state.
(2) If another state has a closer connection with the child and his family or with the child and one or more of the contestants.
(3) If substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state.
(4) If the parties have agreed on another forum which is no less appropriate, and
(5) If the exercise of jurisdiction by a court of this state would contravene any of the purposes stated in Section 1700.
D. Before determining whether to decline or retain jurisdiction the court may communicate with a court of another state and exchange information pertinent to the assumption of jurisdiction by either court with a view to assuring that jurisdiction will be exercised by the more appropriate court and that a forum will be available to the parties. [Emphasis added].
In the present case, the trial court noted that Louisiana was not the "home state" for Z.H., as defined by LSA-R.S. 13:1701, since Z.H. had not been in Louisiana for the requisite six month period. The court also noted, however, that, under the same definition, Indiana would also not qualify as Z.H.'s home state. The court then determined that, without a home state designation to be made, it would consider both Louisiana's and Indiana's "significant contact" to Z.H.
In Edgeworth v. Edgeworth,[1] this Court noted:

*551 Jurisdiction may exist concurrently in two different states under the home state and significant connection standards. Under these circumstances the state with significant connections need not always defer to the home state. Where both states present a legitimate claim of significant connection, the law requires a comparative determination as to whether one state has a greater or more recent significant connection with the child. [Citations omitted].
The following facts regarding each state's contact to Z.H. and the parties were established at the hearing: Mr. and Mrs. Henry were both raised in Indiana, and began their married life in Indiana. Z.H. was born to the Henrys while they resided in Indiana. The Henrys moved from Indiana to Jefferson Parish so that Mr. Henry could begin new employment. The initial lease on their apartment was for six months, a fact that Mr. Henry explains was because the couple was going to buy a house. Mrs. Henry and Z.H. resided for less than four months in Louisiana before they returned to Indiana. The parties never changed driver's license or automobile registration from Indiana to Louisiana. Counsel for Mr. Henry argues that this was for economic reasons. Mrs. Henry then returned to the former matrimonial domicile in Indiana, her parents home. She was served by long arm statute in Indiana. Mrs. Henry was employed in Indiana before coming to Louisiana, and had again become marginally employed as of the time of the hearing. Mr. Henry argued that he has a daughter here, Z.H.'s half-sister, from a prior marriage, and that his parents are only 1 and ½ hours away from the New Orleans area.
After ascertaining the contacts that both states had with Z.H., the trial court noted:
THE COURT:
I think that on the extended family issue, obviously her family is there and his family is here. And there are either two home States or no home States. So under either scenario we've got the significant contacts and all the other factors that we're suppose [sic] to consider; which are pretty much laid out. This is a real
MR. HENRY:
Close call.
THE COURT:
Right. We have two good parents. We have a track record of good parenting... And there is the fact that it was filed here first, which is a factor I must take into consideration ... I'm going to talk to the Indiana Judge.
After consultation with Judge Blau in Indiana, the trial court rendered the following judgment:
We find that both this Court and the Clark County Court in Indiana could exercise subject matter jurisdiction in this case. However, after having a telephone conference with Judge Blau from Indiana, and weighing the inconvenience to the two parties, the financial wearwithal with each as well as the fact that for most of the marriage, Indiana was the marital domicile, the parties residing only four months in Louisiana, this Court has determined that Indiana is a more convenient forum. Therefore the exception of forum non conveniens is GRANTED and this case is REMANDED to Judge Blau in Indiana.
Applying the factors of LSA-R.S. 13:1706, and from the facts and circumstances presented, we find no error in the trial court's determination that Indiana would be the more convenient forum, and accordingly find this assignment to be without merit.
*552 We note that appellant's second assignment of error, regarding the admission of a Police Report into evidence into the record, was not addressed in appellant's brief. According to Rule 2-12.4 of the Uniform Rules, Courts of Appeal, all specifications or assignments of error must be briefed and the appellate court may consider any specification or assignment of error that has not been briefed as abandoned. Accordingly, we find that this assignment of error has been abandoned by appellant, and will not consider the merits of the allegations raised thereunder.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] 98-57 (La.App. 5 Cir. 5/27/98), 712 So.2d 713, 715; writ denied, 98-1754 (La.09/18/98), 724 So.2d 759.