| ¡WALTER J. ROTHSCHILD, Judge.
The plaintiff, Regina Cancienne, and the defendant, Michael Cancienne, were married in Jefferson Parish in 1994. On June 8, 1995, their only child, Alexis Taylor Cancienne, was born. On April 14, 1998, the plaintiff filed a Petition for Divorce and Child Custody. The parties entered into a consent judgment on September 15, 1998 providing for joint custody, with Mrs. Cancienne designated as the domiciliary parent, and a visitation schedule was set for Mr. Cancienne to spend time with his daughter. In late September of 1998, the plaintiffs parents moved to Mobile, Alabama, and the plaintiff and Alexis moved with them.
On March 22, 2000, Mr. Cancienne filed an Objection to Relocation of Child with Rule to Show Cause, Motion to Set Visitation, and Petition for Domestic Abuse Assistance. The plaintiff filed an Answer and Reconventional Demand in which she requested a custody evaluation. The trial court appointed an evaluator and the parties entered into a consent judgment granting Mr. Cancienne visitation pending the outcome of the evaluation. On December 1, 2000, Mr. Cancienne filed a Motion and Order for Rule for Contempt and Holiday Visitation. Thereafter, on December 19, 2000, Ms. Cancienne filed an Exception of Jurisdiction, asserting that Alabama is the proper forum within which the parties should litigate issues regarding child custody and visitation.
*486 hThe trial court held a hearing on the plaintiffs Exception of Jurisdiction on October 9, 2001. The trial judge denied the plaintiffs exception, finding that Louisiana is the proper forum to litigate child custody in this case. It is from this ruling that Ms. Cancienne appeals.

LAW AND DISCUSSION

The sole issue in this appeal is whether the trial judge erred in denying the plaintiffs Exception of Jurisdiction and finding that Louisiana is the most appropriate forum in which the issues of custody and visitation should be litigated.
Louisiana adopted its version of the Uniform Child Custody Jurisdiction Act (“UCCJA”), LSA-R.S. 13:1700 et seq., in 1978. Fouchi v. Fouchi, 477 So.2d 752 (La.App. 5 Cir. 1985). The two main purposes of this Act are: 1) to avoid jurisdictional competition among the states; and 2) to promote resolution of custody disputes by the forum most likely to have the greatest amount of relevant information about the case. Bradford v. Bradford, 33,985 (La.App. 2 Cir. 11/1/00), 772 So.2d 302, 304-305; Lopez v. Lopez, 27,330 (La.App.2d Cir.9/27/95), 661 So.2d 665, 667. The primary interest of the UCCJA is to promote the best interest of the child. LSA-13:1700(B); Tabuchi v. Lingo, 22,829 (La.App. 2 Cir. 10/30/91), 588 So.2d 795, 798; Schroth v. Schroth, 449 So.2d 640, 641 (La.App. 4 Cir. 4/4/84).
LSA-R.S. 13:1702(A)(1) provides that a Louisiana court which is competent to adjudicate child custody has jurisdiction to make a child custody determination under the UCCJA if: 1) Louisiana is the home state of the child at the time of the commencement of the proceeding; or 2) the child and his/her parents or the child and a contestant have a significant connection with the state and there is substantial evidence in this state to be considered in determining custody. Edgeworth v. Edge-worth, 98-57 (La.App. 5 Cir. 5/27/98), 712 So.2d 713, 715, writ denied, 98-1754 (La.9/18/98), 724 So.2d 759.
LSA-R.S. 13:1701(5) defines “home state” as follows:
|4[T]he state in which the child immediately preceding the time involved lived with his parents, a parent, or a person acting as parent, for at least six consecutive months, and in the case of a child less than six months old the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the six-month or other period.
The home state is given jurisdiction because the court of the home state is usually in the best position for evidence gathering or for exercising continuity of control, so that when the home state has jurisdiction, courts of other states should generally defer to that jurisdiction. Revere v. Revere, 389 So.2d 1277, 1279 (La.1980); Edgeworth v. Edgeworth, supra at 715.
In the present case, the parties were married in Louisiana, and in June of 1995, their child, Alexis Cancienne, was born. However, in September of 1998, Ms. Can-cienne and the minor child moved to Mobile, Alabama and they have continued to live there since that time. The record reveals that Mr. Cancienne was aware that his former wife and his daughter had moved to Alabama; however, he contends that he did not believe that the move was permanent.
Mr. Cancienne argues that Louisiana was the home state of the child at the commencement of the proceeding, which is the time used to determine the proper forum, per LSA-R.S. 13:1702(A)(1). He cites St Andrie v. St. Andrie, 473 So.2d 140 (La.App. 3 Cir.1985), for the proposi *487 tion that the proceeding used to determine the appropriate forum is the one in which the custody and visitation was originally set. However, St Andrie is distinguishable from the instant case. In St. Andrie, the Third Circuit determined that Louisiana should exercise jurisdiction because the original custody rule was filed in Louisiana in December of 1983 and the rule at issue, which was filed in November of 1984, was not a new custody rule. Rather, in the November of 1984 rule, the father asked for a change in the beginning dates of the alternating periods of custody in order to make up the time Rthat he lost when his former wife refused to abide by the terms of the custody agreement and did not timely relinquish the child. The Court found that it was an effort to enforce the original custody decree, not a new proceeding, so the forum where the original rule was filed was the proper forum to litigate the father’s rule. The Third Circuit also noted that, by mutual agreement of the parties, the child was shuttled between Georgia and Louisiana every few months and did not have a “home state.” The court also looked at the child’s connections to each state and determined that the child had “significant connections” to both states.
In the present case, when Mr. Can-cienne filed his Objection to Relocation and Motion to Set Visitation, he was not seeking to maintain the terms of the original custody decree or to simply adjust the dates of the original custody decree. It was a new proceeding filed to object to the child’s relocation to Alabama and to set a new and more detailed visitation schedule. Therefore, we find that the “commencement of the proceeding” was in March of 2000, when Mr. Cancienne filed his Objection to Relocation and Motion to Set Visitation.
The testimony and evidence indicates that at the time of the commencement of the proceeding, March 22, 2000, the home state of the minor child was Alabama. The child moved there in September of 1998 and has lived there since that time. Mr. Cancienne asserts that he did not know that the move was permanent and the trial judge stated in his reasons for judgment that he didn’t believe that Mr. Cancienne thought that the mother and child were moving to Alabama permanently. However, in a letter dated August 23, 1999 from Mr. Cancienne to his daughter, Mr. Cancienne wrote, “I plan on winning the lottery soon, then I can buy you and your mommy a house down here or mabey [sic] I’ll move up there.” This letter, along with the remainder of the record in this case, seems to indicate that even if Mr. Cancienne did not originally believe that the move to Alabama was permanent, he knew by at least August 23, 1999 that it was Impermanent and even contemplated moving there himself. Regardless, even if Mr. Cancienne did not know that the move was permanent, the child has lived continuously in Alabama from September of 1998 until the present time, and Alabama was the home state of the child when Mr. Cancienne filed his Objection to Relocation of Child with Rule to Show Cause, Motion to Set Visitation and Petition for Domestic Abuse Assistance in March of 2000.
Although the mother did not provide Mr. Cancienne with formal notice of the move, as set forth in LSA-R.S. 9:355.5, it is undisputed that Mr. Cancienne was aware of the move, even if he did not believe that it was permanent. If Mr. Cancienne had objected to the move in September of 1998, when the move took place and when Louisiana was the home state of the child, the parties could have litigated the issues regarding the move at that time in a Louisiana court. However, Mr. Cancienne did not object to the move *488 until his child had lived in another jurisdiction for approximately one and one-half years. Considering the record before us, we find that Alabama is the home state of the child.
Furthermore, we find that Alabama is also the forum with the most significant connections to the child. The minor child has attended pre-school, kindergarten, and first grade in Alabama, and she attends church services in Alabama. Her pediatrician, counselor, maternal grandparents, and other relatives are also located in Alabama.
Mr. Cancienne asserts that he and the child’s custody evaluator are in Louisiana. However, when two states assert a claim of significant connections to the child, the law requires the courts to determine which state has a greater or more recent significant connection. Broadway v. Broadway, 623 So.2d 185, 189 (La.App. 2 Cir.1993); Edgeworth v. Edgeworth, supra at 715. The record in this case clearly reflects that the child has a much more substantial and significant connection to Alabama than Louisiana.
[7We understand that it may be inconvenient for Mr. Cancienne to litigate custody and visitation in Alabama. However, neither interest nor convenience of the parents is a primary consideration in determining child custody jurisdiction. Davis v. Davis, 92-308 (La.App. 5 Cir. 9/29/92), 606 So.2d 575, 576. Therefore, we find that Alabama is the proper forum for the parties to litigate child custody and visitation under both the “home state” and “significant connection” standards.
Accordingly, we reverse the judgment of the trial court denying the plaintiffs Exception of Jurisdiction, and we find that Louisiana does not have jurisdiction of the custody and visitation issues in this matter. Therefore, the plaintiffs Exception to Jurisdiction is hereby maintained.

REVERSED.