567 So.2d 593 (1990)
Francine KELLY
v.
Andre GERVAIS.
No. 90-CC-2085.
Supreme Court of Louisiana.
October 2, 1990.
*594 PER CURIAM.
Relator is a Canadian citizen. Relator and his wife separated in Canada in 1982, and the wife obtained a divorce in Kansas in 1984. Relator has custody of their adopted son by virtue of a notarized agreement in Canada. The child has thus lived in Canada with his father since his adoption in 1979, when the child was one-year old.
The mother, now a resident of Louisiana, filed a rule for change of custody in Orleans Parish in July, 1990, while the child was here on a regularly scheduled visitation. The mother alleged that the child is frequently left unattended by his father, who leaves home every weekend and makes no provisions for the child's care. She further alleged that the child must ask friends and neighbors to take him in and feed him and look after his needs; that the father has unjustly whipped or struck the child for trifling offenses; and that the father does not help him with his homework or give any moral or religious instruction. Additionally, she alleged the father discusses his "sexual conquests" of women with the child and has basically given the child the idea that women are purely here for the sexual enjoyment of men and are not to be trusted.[1]
Relator filed an exception to the jurisdiction of the Louisiana court. The trial court heard arguments on the exception. After taking the matter under advisement, the judge referred the exception to the merits. The court of appeal issued an order directing the trial court to rule on the exceptions as expeditiously as possible.
Relator applied to this court for certiorari, essentially complaining that no further evidence should be taken, because he is entitled to a judgment of dismissal as a matter of law under Dillon v. Medellin, 409 So.2d 570 (La.1982).
The Louisiana court normally would not have jurisdiction based on mistreatment of the child which occurred in Canada. Dillon v. Medellin, 409 So.2d 570 (La.1982). However, if the situation is so extreme that the immediate safety of the child is threatened by a return to Canada, then the Louisiana court has jurisdiction to take evidence to this limited extent. Stuart v. Stuart, 516 So.2d 1277 (La.App. 2nd Cir.1987).
Accordingly, the district court is ordered to conduct forthwith a limited hearing to determine whether the situation is so extreme that the immediate safety of the child is threatened by a return to Canada and to rule promptly on the exception.
NOTES
[1] In her brief in opposition to this application the mother further alleged that she learned that the child was severely depressed; the child expressed the desire to kill his father and feared returning to live with his father. The mother further asserts that the child has sat at a local bar because he had no one at home to attend to him; that the child had been caught stealing and was getting in fights in the neighborhood; and that his father was subjecting him to treatment that in the mother's opinion indicated mental and physical abuse of her son.