623 So.2d 185 (1993)
Don R. "Sonny" BROADWAY, Plaintiff-Respondent,
v.
Barbara Morgan BROADWAY (Now Barbara Morgan Smith), Defendant-Applicant.
No. 25012-CW.
Court of Appeal of Louisiana, Second Circuit.
August 18, 1993.
*187 Leroy Smith, Jr., Tallulah, for applicant, Barbara Morgan Broadway, now Barbara Morgan Smith.
Hamilton & Carroll by Orlando N. Hamilton, Jr., Oak Grove, for respondent, Don R. "Sonny" Broadway.
Before SEXTON, LINDSAY and HIGHTOWER, JJ.
SEXTON, Judge.
Defendant, Barbara Morgan Broadway, now Barbara Morgan Smith, seeks review of the trial court's judgment which denied her declinatory exception of lack of jurisdiction in this action to modify child custody. Finding that the trial court did not have jurisdiction under the Uniform Child Custody Jurisdiction Act (UCCJA), LSA-R.S. 13:1700, et seq., we reverse.

FACTS
Plaintiff, Don Broadway, and defendant, Barbara Morgan Broadway (Smith), were married in Madison Parish on April 21, 1961. Three children were born of the marriage, Susan, Lashella, and Kayla. The parties were divorced on May 26, 1983, and defendant was initially given custody of the three children with liberal visitation rights reserved to the plaintiff. On June 19, 1984, a judgment was entered awarding custody of Susan Broadway to the plaintiff while defendant retained custody of the other two minors. This judgment also authorized the defendant to take the two daughters remaining in her custody to Mississippi to establish a residence there. Following the divorce, defendant moved to Mississippi where she has resided for the past eight years with her husband by remarriage and her daughters, Lashella and Kayla. The minor child, Kayla, has lived in Mississippi with the defendant since the divorce except for summer visitation with the plaintiff. The other two daughters, Susan and Lashella, are now of the age of majority.
On June 17, 1992, plaintiff filed a rule to modify custody in Madison Parish alleging that there had been increasing tension and conflict between Kayla and the defendant. Plaintiff asserted that this tension culminated in May of 1992 when defendant ejected Kayla from her home, telling her she was no longer welcome to live there. As Kayla had not finished the school year, plaintiff and his wife were required to make special arrangements for her care and provide a temporary domicile in Mississippi, outside of defendant's residence, so that she could finish the school year. Although plaintiff alleged in his petition that he was a domiciliary of Madison *188 Parish, he noted that Kayla was now living with him at the site of his job in Florida and would remain there until the end of the summer at which time she was scheduled to return to live with the defendant. Plaintiff prayed for a court order modifying the original decree so as to award him sole custody of Kayla subject to the defendant's reasonable visitation rights.
On July 22, 1992, defendant filed an exception of lack of jurisdiction. In her exception, defendant alleged that Louisiana did not have jurisdiction over the modification proceedings as Kayla had been residing in Mississippi for the preceding eight years. Under LSA-R.S. 13:1701, defendant contended that Mississippi was the minor's home state and that under LSA-R.S. 13:1702, Louisiana did not have jurisdiction to modify the custody decree. As this state failed to meet the home state requirements, defendant asserted that plaintiff's petition should be dismissed.
On July 24, 1992, a hearing was held on the exception. Relying on LSA-R.S. 13:1702(A)(2), the trial court found that it had jurisdiction to make a modification of the child custody decree. The court noted that one of the purposes of the Uniform Child Custody Jurisdiction Act was to prevent forum shopping. The trial court also noted that it had exercised jurisdiction over this matter since the initial divorce of the parties. In fact, the defendant had filed a rule for contempt and for an increase in child support in the Sixth Judicial District Court in Madison Parish in October of 1990 and judgment was rendered in that case in October of 1991. The trial court also stated that no other court in any state had heard any matters concerning the custody of these children or any other incidental matters. Therefore, the trial court overruled the defendant's exception of lack of jurisdiction. A stay of the proceedings was granted and the defendant submitted a writ application to this court. On March 11, 1993, the defendant's writ application was granted and the case was ordered briefed and docketed.

DISCUSSION
Mrs. Smith argues that the trial court erred in denying her exception of lack of jurisdiction, arguing that under LSA-R.S. 13:1700, et seq., Louisiana was no longer the child's "home state" and lacked "significant connections" sufficient to meet the statutory requirements.
In order for a court to exercise continuing jurisdiction to modify its earlier custody decree, it must meet the jurisdictional requirements of the UCCJA at the time the modification is sought. Tabuchi v. Lingo, 588 So.2d 795 (La.App. 2d Cir.1991). LSA-R.S. 13:1702, which provides four possible jurisdictional bases, reads as follows:
§ 1702. Jurisdiction
A. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(1) This state (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
(2) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or
(3) The child is physically present in this state and (i) the child has been abandoned or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or
(4)(i) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with Paragraphs (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate *189 forum to determine the custody of the child, and (ii) it is in the best interest of the child that this court assume jurisdiction.
. . . .
LSA-R.S. 13:1701(5) defines "home state" as:
(5) "Home state" means the state in which the child immediately preceding the time involved lived with his parents, a parent, or a person acting as parent, for at least six consecutive months, and in the case of a child less than six months old the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the six-month or other period.
Home state jurisdiction under § 1702 A(1) was thus unavailable to the trial court in this case because Kayla had not lived in Louisiana for at least six consecutive months at the time the proceeding was commenced. Revere v. Revere, 389 So.2d 1277 (La.1980). As Kayla had lived continuously with her mother in Mississippi since 1984, home state jurisdiction clearly vested in the Mississippi court system long before this action was brought.
It has been suggested that the jurisdictional rules of § 1702 are listed in the statute in descending preferential order. Snider v. Snider, 474 So.2d 1374 (La.App. 2d Cir.1985). The Louisiana Supreme Court has stated the courts of other states should generally defer to the home state since that state is usually "in the best position for evidence gathering and for exercising continuity of control." Revere v. Revere, supra at 1279. Nevertheless, jurisdiction may exist concurrently in two different states under the home state and significant connection standards. When this occurs, the significant connection state is not necessarily required to defer to the home state. Id. at 1280.
Equally clear, however, is that the purpose of § 1702 A(2) is to limit jurisdiction rather than proliferate it. Tabuchi v. Lingo, supra. A Louisiana court does not possess jurisdiction under the significant connection test merely because some evidence exists here. The Revere court noted that the significant connection test "provides a `best interest' basis for jurisdiction when Louisiana has a legitimate concern as to custody and has superior access to evidence concerning the child's care, training, well being and personal relationships." Revere v. Revere, supra at 1279-80 (emphasis added). Similarly, this court has consistently held that jurisdiction under § 1702 A(2) "rests with the state that has maximum rather than minimum contacts with the child and optimum access to relevant evidence about the child and the family." Lee v. Lee, 545 So.2d 1271, 1274 (La.App. 2d Cir.1989) (emphasis added). Even if both states could legitimately claim a significant connection, the law requires a comparative determination as to whether one state has a greater or more recent significant connection with the child. Snider v. Snider, supra at 1381.
Thus, jurisdiction is proper under § 1702 A(2) if: (1) it is in the child's best interest to determine custody in Louisiana; (2) the child and at least one parent have a significant connection to Louisiana; and (3) a maximum amount of evidence concerning the child is available in Louisiana. Tabuchi v. Lingo, supra at 798.
We conclude in the instant case that Louisiana does not possess connections which are "maximum," "optimum," or "superior" when compared to those which existed in the home state, Mississippi. Mr. Broadway testified that he spends ten months a year outside the state of Louisiana due to his job. Except for summer visitation with her father, Kayla has resided in Mississippi for the past eight years. All of the evidence concerning Kayla's care and emotional well-being as a result of the alleged difficulties with her mother is in Mississippi. The witnesses required to fully examine this alleged troubled relationship such as neighbors, friends, and teachers are in Mississippi.
A party seeking to alter a prior consent decree of custody must show a change of circumstances and that the new custody arrangement is in the child's best interest. Stability of environment is a factor to be considered in evaluating a change. Meredith v. Meredith, 521 So.2d 793 (La.App. 2d Cir. *190 1988). Since the trial court must determine whether a change would be in the child's best interest, it must examine evidence concerning both the current and the prospective living arrangements. Thus, while evidence regarding conditions in Mr. Broadway's home is certainly present in Louisiana, by far the greatest amount of information concerning Mrs. Smith's home and Kayla herself exists in Mississippi. Under the facts presented here, Mississippi was both the home state and the state with the most significant connection to the child and the maximum evidence concerning her present or future care, protection, training, and personal relationships. We therefore conclude that the trial court did not have subject matter jurisdiction over this controversy and that the exception urged by Mrs. Smith in that respect is valid.
We would also note that Louisiana does not have emergency jurisdiction in the instant case, as asserted by the plaintiff. Emergency jurisdiction is reserved for extraordinary circumstances and exists only if required by the immediate needs of the child due to abandonment, mistreatment, abuse, or neglect. Dillon v. Medellin, 409 So.2d 570 (La.1982). Thus, jurisdiction under the UCCJA can be conferred when the child is present in this state and there exists an emergency situation in the home state necessitating the child's immediate protection. Renno v. Evans, 580 So.2d 945 (La.App. 2d Cir.1991). At the time that the instant rule to modify custody was filed, Kayla was living with her father in Florida at his job site. Thus, the minor was not present in this state at the commencement of this proceeding. Also, while Mr. Broadway alleged that his daughter had been abandoned, any emergency attendant to that circumstance had been resolved as he was able to provide Kayla a temporary domicile in Mississippi until she joined him in Florida. Therefore, there was no emergency situation which necessitated the child's immediate protection. Under these circumstances, Louisiana did not have emergency jurisdiction under the UCCJA.
For the reasons expressed, the trial court decision overruling the exception of jurisdiction is reversed and there will be judgment herein in favor of the defendant, Barbara Morgan Broadway Smith, and against the plaintiff, Don R. "Sonny" Broadway, sustaining the defendant's exception of jurisdiction and dismissing plaintiff's demands at plaintiff's costs.
REVERSED AND RENDERED.