661 So.2d 665 (1995)
Stephanie Barnes LOPEZ, Plaintiff-Appellee,
v.
Luis LOPEZ, Defendant-Appellant.
No. 27,330-CA.
Court of Appeal of Louisiana, Second Circuit.
September 27, 1995.
*666 Susan M. Innes, New Orleans, for Defendant-Appellant.
John C. Blake, Jonesboro, for Plaintiff-Appellee.
Before NORRIS, LINDSAY and WILLIAMS, JJ.
NORRIS, Judge.
Luis Lopez appeals the judgment of June 1994 overruling his exception of subject matter jurisdiction and the August 1994 joint custody award which named Stephanie Lopez as the primary domiciliary parent of their minor daughter. Finding that the lower court erred in overruling the exception to jurisdiction, we reverse. Because the court lacked subject matter jurisdiction, the custody judgment is void, and is therefore vacated.

Factual and Procedural History
Stephanie Barnes and Luis Lopez married on September 11, 1990 in Jackson Parish, Louisiana, and resided in Myrtle Beach, South Carolina. Stefi was born in South Carolina on August 26, 1991. Soon after Stefi's first birthday the family, including Luis's minor son, Luis Jr., from a previous marriage, moved to Fort Walton Beach, Florida.
In April 1993 and February 1994, Florida Protection Services investigated Mrs. Lopez for reportedly physically abusing her stepson, Luis Jr. After observing the family and conducting personal interviews, investigators confirmed her abuse of Luis Jr.
On February 28, 1994, Mrs. Lopez took Stefi and moved in with her parents in Jonesboro. Stefi has remained in her mother's custody since this time, with the exception of about one month when she stayed with her father in Florida.[1]
On April 6, 1994, Mrs. Lopez filed for divorce and custody of Stefi in Jackson Parish. Judge Butler granted an ex parte order for temporary custody. Meanwhile in Florida on May 9, Mr. Lopez filed for divorce and custody of Stefi. He also sought a determination regarding jurisdiction. On May 24, the court determined that it had jurisdiction over the custody matter because Florida, not Louisiana, was Stefi's "home state," and ordered Mrs. Lopez to return to Florida with Stefi. Mr. Lopez also filed several jurisdictional exceptions in Louisiana, including one of subject matter. On June 2, Judge Whitten overruled the exceptions stating:
[T]he proceedings were filed first here in Jackson Parish with the allegation that the *667 mother was a resident of this parish with the child and proper notice was given through the Louisiana Revised Statute 13:3204. The proceedings in Florida were filed after Mr. Lopez received his proper notice on April 20, the proceedings were then initiated in the State of Florida.
Transcript of Hearing, R.p. 52.
On June 17, Mr. Lopez filed a rule to set aside the ex parte order allowing Mrs. Lopez temporary custody, and on July 5, Judge Butler vacated and recalled this order. The custody rule was heard by Judge Clason on August 1. Based on the testimony of Mr. and Mrs. Lopez, the only two witnesses, she awarded joint custody, with Mrs. Lopez as the primary domiciliary parent and visitation for Mr. Lopez.

Discussion
Primarily, Mr. Lopez contends that the trial court lacked subject matter jurisdiction under the Uniform Child Custody Jurisdiction Act (UCCJA), and that it erred in determining otherwise.[2] He urges that Louisiana was not Stefi's "home state" and lacked the "significant connections" required to establish jurisdiction. La.R.S. 13:1702 A(1), (2).
The UCCJA serves two paramount purposes: (1) avoiding jurisdictional competition among the states and (2) promoting resolution of custody disputes by the forum deemed most likely to have the maximum amount of relevant information about the case. Renno v. Evans, 580 So.2d 945 (La. App.2d Cir.1991), citing McGough and Hughes, Charted Territory: The Louisiana Experience With The Uniform Child Custody Jurisdiction Act, 44 La.L.Rev. 19, 28 (1983-1984). The underlying principle is of course the best interest of the child. The act must be construed to promote these goals. La.R.S. 13:1700 B.
The UCCJA provides in pertinent part:
A. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(1) This state (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
(2) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships[.]
R.S. 13:1701(5) defines "home state" as:
[T]he state in which the child immediately preceding the time involved lived with his parents, a parent, or a person acting as parent, for at least six consecutive months, and in the case of a child less than six months old the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the six-month or other period.
Applying the definition of "home state," it is clear that Louisiana did not qualify as such. Stefi had lived in Louisiana for only 37 days when Mrs. Lopez initiated the instant proceedings. In fact, Florida qualifies as Stefi's "home state." Though generally courts should defer to the home state because it is "in the best position for evidence gathering and for exercising continuity of control," jurisdiction may exist concurrently in two different states, the home state and the state with significant connections. Revere v. Revere, 389 So.2d 1277 (La.1980); Tabuchi v. Lingo, 588 So.2d 795 (La.App.2d Cir.1991). We thus consider whether Louisiana is the significant connection state. La.R.S. 13:1702 A(2).
The purpose of § 1702 A(2) is to limit jurisdiction, not proliferate it. Counts *668 v. Bracken, supra at 1277, and citations therein. The more flexible "significant connection" standard is based on the child's best interest. Comments to Uniform Child Custody Jurisdiction Act, § 3, 9 U.L.A. 124 (1968); Revere, supra; Renno v. Evans, supra. This interest is served by establishing jurisdiction in the state with maximum rather than minimum contacts with the child and optimum access to relevant information about the child and the family. Lee v. Lee, 545 So.2d 1271 (La.App.2d Cir.1989); Counts v. Bracken, 494 So.2d 1275 (La.App.2d Cir. 1986). A court does not possess jurisdiction merely because some evidence exists in the state. Tabuchi v. Lingo, supra.
In the instant case Florida, rather than Louisiana, has maximum contacts with Stefi and optimum access to relevant information, and thus significant connection jurisdiction under the UCCJA. Stefi had only spent 37 days in Louisiana when Mrs. Lopez filed her action, as opposed to the 16 months which she spent in Florida. In addition, the Lopezes established their matrimonial domicile in Florida. Significantly, information regarding the Lopez family was collected by Florida Child Protection Services during the investigation into Mrs. Lopez's child abuse. Evidence of her past misconduct is relevant to Stefi's present and future care, training, and personal relationships under La.R.S. 13:1702 A(2). Revere, supra at 1281, n. 6. In contrast, Stefi's only connection with Louisiana is that her mother is originally from here and her maternal grandparents reside here. We note that it is highly suspect that Mrs. Lopez left Florida with Stefi soon after the last abuse investigation, and filed for custody shortly thereafter in Louisiana, perhaps believing it was a more favorable jurisdiction. Such a motive, if allowed, flies in the face of the UCCJA's goals to best serve the child's interest and to discourage forum shopping. See Ingram v. Ingram, 463 So.2d 932 (La.App.2d Cir.1985). On the evidence presented, Florida is the state with the maximum evidence concerning Stefi's present or future care, protection, training and personal relationships. La.R.S. 13:1702 A(2).
We conclude that Florida is both the home state and significant connection state for purposes of subject matter jurisdiction under the UCCJA. Stefi's interests will best be served if Florida assumes jurisdiction. We are constrained to find that the trial court abused its discretion in overruling Mr. Lopez's exception of subject matter jurisdiction. We therefore do not reach the merits of the case.
For the reasons expressed, the judgment of June 2, 1994 overruling Mr. Lopez's exception of subject matter jurisdiction is reversed. The final judgment of custody rendered on August 1, 1994, in a court without subject matter jurisdiction over the proceeding, is void. La.C.C.P. art. 3. That judgment is hereby vacated. Costs of trial and appeal are assessed one-half to Luis Lopez and one-half to Stephanie Barnes Lopez.
REVERSED; JUDGMENT VACATED.
NOTES
[1] During an unsupervised visit with Stefi in June, Mr. Lopez took Stefi back with him to Florida. Mrs. Lopez pressed kidnapping charges; Florida authorities arrested him, but did not hold him in custody. Mr. Lopez voluntarily returned Stefi to her mother's custody in July.
[2] Mr. Lopez has not appealed nor do we consider the judgment of divorce.