| iSCHOTT, Chief Judge.
The sole issue here is whether the Orleans Parish Juvenile Court correctly declined to exercise jurisdiction pursuant to LSA-R.S. 13:1702(A)(3) in a custody matter involving two brothers.
The case was initiated on August 21, 1995, by a motion for an emergency change of custody and the exercise of emergency jurisdiction filed by the grandparents of the boys, David, born April 22,1980, and Michael, bom July 2, 1981. The grandparents alleged that the children were presently in the legal custody of their mother in California, but they were presently in the physical care and control of the grandparents in New Orleans. They invoked the emergency jurisdiction of the court on the basis of R.S. 13:1702(A)(3)(ii) because the children had allegedly been abused and neglected. The motion contained a number of factual allegations supporting these charges and an allegation that the best interests of the children called for the grandparents to have custody.
On August 22,1995, the juvenile court held a hearing on the motion of the grandparents and dismissed the matter on the basis of lack of jurisdiction. The court did not reach the *726 issue of custody which was being sought by the ^grandparents. The grandparents appealed and stated in their notice of appeal that the trial court had jurisdiction over the subject matter and the parties, and the dismissal of the case on the basis of lack of jurisdiction was erroneous. The appeal was lodged in this court on September 14, 1995.
On October 4 the curator appointed to represent the children filed a motion in this court to remand the case to the trial court for the exercise of the limited jurisdiction available to the court by virtue of Ch.C. art. 729 et seq. for the purpose of school enrollment and other services, but reserving to this court the issue of jurisdiction over the grandparents’ request for change of custody. This motion was granted on October 16. On November 21, the juvenile court issued an order taking jurisdiction over those issues “cognizable by Families in Need of Services petition pursuant to Ch.C. art. 729.” The order further provided:
“However, the change of custody disposition by Ch.C. art. 729(3) shall not be available while the appeal is pending, unless the absent parents waive jurisdiction over custody.”
R.S. 13:1702(A)(3) provides as follows:
A. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
[[Image here]]
(3) The child is physically present in this state and (i) the child has been abandoned or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or
At the hearing on jurisdiction the grandparents were represented by present counsel, and the court appointed counsel to represent the children. However, the mother was not represented. The only evidence was the ^Jjjtestimony of Michael, the fourteen year old, and the stipulation that his brother’s testimony would be the same.
Michael testified that they lived with their mother, her boyfriend, and his two and three year old children in various hotels and shelters in different places in California. The mother would often be absent leaving him to care for the two young children, forcing him to miss school. They were frequently without clean clothes. The mother was engaged in dealing drugs and got arrested for possession of marijuana and methamphetamine. She warned him not to open the door for a policeman. When the mother was preparing her sons for their trip to the grandparents’ home here, she told her friends she didn’t care if they came back and she didn’t want them anymore. After they got to their grandparents, she called and spoke to Michael. He asked her if they could stay with the grandparents “and she went on a rampage.” In a later telephone conversation she told him “she was going to throw away all of our stuff ... and ... that ... we don’t exist anymore.”
Based upon the petition, the hearing was conducted on the basis of an emergency to protect the children pursuant to § 1702(A)(3)(ii). In dismissing the petition the trial judge gave the following reasons:
Louisiana is not the children’s home state, it is not the state with maximum “substantial” connections and there are no extraordinary circumstances requiring this Court to exercise emergency jurisdiction. There is no threat of the immediate return of the children to California; the grandparents are not sending them and the mother has not evidenced any intention to come to Louisiana and get them. The custody issue between the grandparents and the mother should be addressed in the appropriate California court.
Appellants first argue in this court that the trial court erred in failing to take jurisdiction on the emergency theory pursuant to § (A)(3)(ii). This provision permits a state, otherwise without jurisdiction over a visiting child, to Utake jurisdiction in a custody matter only if the immediate needs of the child require it. Dillon v. Medellin, 409 So.2d 570, 575 (La.1982). Citing this case the court in Kelly v. Gervais, 567 So.2d 593 (La.1990) recognized that a Louisiana court *727 normally would not have jurisdiction based upon mistreatment which occurred in Canada but added that if the situation is so extreme that the immediate safety of the child is threatened by a return to Canada, then the Louisiana court has jurisdiction.
In the present case the trial court after hearing the grandparents’ evidence found that the type of threat postulated in the Kelly case did not exist and concluded that it had no jurisdiction over custody. The record supports this conclusion. The children are safe with the grandparents and there is no threat to their safety because the mother has expressed no interest in taking them back to California. The interests of the children are fully protected by the juvenile court’s order of November 21 taking jurisdiction to the limited extent authorized by Ch.C. art. 729. Consequently, we would affirm the judgment appealed from but for the argument that § 1702(A)(3)(i) confers jurisdiction since the children have been abandoned.
We recognize that the juvenile court did not consider this issue because the motion for the hearing did not raise the issue. However, in their post trial motion for a change in the custody of the children the grandparents did raise the issue based upon the testimony which clearly supports a finding that these children have indeed been abandoned by the mother.
Nonetheless, we are not in a position to render a final decision on this issue for the reason that the mother was not represented at the hearing and was apparently not even given notice of the hearing. Fundamental due process requires that she be given notice when she is charged with abandoning her children as a basis for jurisdiction in this state. In every case cited by the | ggrandparents, there was an adversarial hearing between the parties contesting jurisdiction. In this case there was not.
Accordingly, the judgment of the trial court dismissing the grandparents’ suit is reversed and the case is remanded to the trial court for due notice to be given to the mother and a new trial on the issue of the mother’s abandonment of her children as a basis of jurisdiction pursuant to R.S. 13:1702(A)(3)(ii).

REVERSED AND REMANDED.