I,WOODARD, Judge.
This is a child custody dispute involving Scott and Dianna Stanley’s only son, Brandon. By an earlier court decree, Dianna had legal custody of Brandon. She remarried and relocated to North Carolina with Brandon and her new husband, notifying Brandon’s father by letter. In December of 1996, she filed a motion in a North Carolina court to have the Louisiana custody decree made the order of that court and to have that state recognized as the exclusive state of jurisdiction for custody matters. In October of 1997, Brandon’s father filed a Rule to Modify Custody and for Contempt in Louisiana. Dianna filed an exception of jurisdiction which the trial court denied. We reverse.
FACTS
Scott and Dianna Stanley were married on November 21, 1981 and divorced on May 7, 1987 in Rapides Parish. One child, Brandon Scott Stanley, was bom of the Rmarriage. He is now thirteen years old. After lengthy litigation, this court granted custody of Brandon to his mother, Dianna Dee Smith Stanley Jacobs. Stanley v. Stanley, 592 So.2d 862 (La.App. 3 Cir.1991). Scott Stanley maintained a close relationship with his son, visiting primarily during summers and holidays.
On August 16, 1993, Brandon and his mother moved from Shreveport, Louisiana to Charlotte, North Carolina. Dianna Stanley had remarried, and the move was necessary to be near her husband’s family. Brandon has attended school in North Carolina for four and one-half years. Prior to the relocation, Dianna sought the advice of an attorney who notified Brandon’s father of the move by certified letter. It stated:
Mrs. Jacobs has asked me to advise you that effective August 16, 1993, that her new address and phone number will be as follows:
Dianna Jacobs
2433 Hassell Place
Charlotte, North Carolina 28209
(704) 358-0623
Although the letter was sent on August 12, 1993, Scott Stanley did not sign for the letter *742 until August 31, 1993. After the move to North Carolina, he continued to see and call Brandon regularly.
In December, 1996, Dianna filed a motion in North Carolina, seeking to have the Louisiana custody judgment made a judgment of the General Court of Justice, County of Mecklenburg and to have North Carolina recognized as the exclusive state of jurisdiction for custody and visitation matters. On October 17,1997, Scott filed a Rule to Modify Custody and a Rule for Contempt in the Ninth Judicial District Court, Parish of Rap-ides, State of Louisiana, to which Dianna filed an exception to the jurisdiction of the Louisiana court. The exception was denied, and the parties entered into the record a stipulation regarding the custody of Brandon and visitation of Scott Stanley. Dianna continues to be the primary domiciliary custodian of Brandon. She appeals the lower court’s denial of her exception to jurisdiction.
CLAW
Appellant’s sole assignment of ennu-is that the trial court erred in denying the exception to jurisdiction. The following provisions of the Uniform Child Custody Jurisdiction Act, La. 13:1700 et seq. (UCCJA), are relevant to this issue.
La.R.S. 13:1702 states:
A. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(1) This state (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child’s home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
(2) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the child’s present or future care, protection, training, and personal relationships!)]
(Emphasis added.)
La.R.S. 13:1701(5) defines “home state” as:
[T]he state in which the child immediately preceding the time involved lived with his parents, a parent, or person acting as parent, for at least six consecutive months, and in the case of a child less than six months old the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the six months or other period.
Brandon and his mother have lived in North Carolina since August of 1993. Unquestionably, North Carolina is Brandon’s “home state” for the application of the provisions of the UCCJA relating to jurisdiction of a Louisiana court to modify the custody decree in this case.
While it is true that Brandon has some connection with Louisiana, as his father and grandparents are residents of Rapides Parish, he has not gone to school in Louisiana in over four years. His only contact with Louisiana has been through visits |4with his father, and only some occurred in Louisiana. We do not find that Brandon’s connections with Louisiana are significant enough to overcome the statutory presumption that North Carolina is his home state for the application of the provisions of the UCCJA.
Additionally, North Carolina is the state with superior access to evidence concerning his care, training, well being, and personal relationships. It is the state with the maximum contacts with Brandon. For Scott to establish that a Louisiana court should maintain jurisdiction, he would have to show that Louisiana had the maximum contacts concerning Brandon. In this ease, the facts do not support such a finding. The trial court erred in holding that it had jurisdiction over Brandon in this case. See Devillier v. Smith, 950846 (La.App. 1 Cir. 11/9/95); 665 So.2d 71; Broadway v. Broadway, 623 So.2d 185 (La.App. 2 Cir.1993); Tabuchi v. Lingo, 588 So.2d 795 (La.App. 2 Cir.1991).
*743 Scott contends, as the Brandon’s relocation from Louisiana occurred without Dianna’s compliance with the provisions of the La.R.S. 9:355.1, et seq., that Louisiana courts retained jurisdiction to hear the custody dispute involving Brandon. La.R.S. 9:355.4 requires that notice to relocate a child from this state be given sixty days before the proposed move and contain certain information required by the statute. He contends that Dianna’s notice was untimely and did not comply with the statute. He is correct, assuming the statute is to be retroactively applied.
Scott contends that La.R.S. 9:355.1, et. seq., which became effective on August 15, 1997, is to have retroactive application to custody decrees issued before August 15, 1997, in accordance with La.R.S. 9:355.2(A)(2), when such decrees did not contain provisions relating to the relocation of the child, as Brandon’s did not.
After a careful review of La.R.S. 9:355.1, et. seq., we find that this statute is not applicable in this case. We note the following language in the statute:
Application — Acts 1997, No.1173

Section 2 of Acts 1997, No. 1173, (Sec. 1 of which enacted this Subpart) provides:

“Section 2. No provision of Section 1 of this Act shall affect any case which on August 15, 1997 is being litigated or appealed in or to any court of this state wherein the custody of a child is at issue due to the relocation of a party; however, any subsequent relocation |gby a party after final disposition of such litigation shall be governed by the provisions of Section 1 of this Act. ”

(Emphasis in original; additional emphasis ours.)
We read this to mean that since the legislature did not intend La.R.S. 9:355.2, et seq., to apply to litigation in progress on August 15, 1997, regarding relocation which had to have occurred prior to this date, it could not have intended this statute to apply to a relocation which took place in 1993, as in the instant case. This is further substantiated by the latter phrase beginning with “however” in which the legislature makes it clear that relocation after a judgment, the product of August 15, 1997 litigation, would be subject to this Act. It is also evident that the legislature intended to apply this Act to relo-cations which take place after August 15, 1997, even if the judgment of custody dates before August 15, 1997 “if the existing custody order does not expressly govern the relocation of the child.” La.R.S. 9:355.2(A)(2).
Scott’s reliance on Dianna’s failure to comply with the provisions of La.R.S. 9:355.1 et seq. in order for the courts of Louisiana to retain jurisdiction of this custody dispute is without merit.
CONCLUSION
Pursuant to the UCCJA, North Carolina is Brandon’s home state. The courts of Louisiana do not have jurisdiction of this custody dispute. The trial court erred in denying Dianna’s exception of lack of jurisdiction and is therefore reversed. Appellee is assessed with costs.
REVERSED.