| .CHEHARDY, Judge.
This is a proceeding under the Uniform Child Custody Jurisdiction Act, in which the Louisiana court has declined jurisdiction. The plaintiff, the mother of the child, has appealed. We affirm.
On November 18, 1998 Brenda Sullivan filed a petition against Frank Edward Mitchell, Jr., in Jefferson Parish. Sullivan sought an ex parte emergency order for temporary custody of her four-year-old daughter, A.N.M., citing La. C.C.P. art. 10(A)(5) as the basis for jurisdiction.[1] Plaintiff asserted that the child had made allegations of sexual abuse against the defendant, who is the child’s father. Plaintiff requested she be awarded physical custody with no visitation by the father, pending investigation of the allegations by Child Protective Services and a hearing. She requested evaluation and/or therapy by a court-appointed expert.
| .Plaintiffs affidavit in support of her petition alleged that she is domiciled in Jefferson Parish and the defendant is domiciled in Calhoun County, Alabama; that the parties were never married;' that there was one child born of their relationship, A.N.M., age 4; that the parties had joint custody of the child by a 1997 consent judgment from the Circuit Court of Calhoun County, Alabama; that the child had made allegations of sexual abuse against the defendant (details of which were speei- *1174 fied in the affidavit); and that the allegations were currently under investigation by Child Protective Services.
On November 19, 1998 the district court’s domestic commissioner issued an ex parte order granting plaintiff extended visitation with her child and suspending visitation of the child by defendant pending a hearing and further orders of court.
On November 30, 1998, defendant filed declinatory exceptions of lis pendens and lack of personal jurisdiction, asserting he is physical custodian of A.N.M. by judgment of the Circuit Court of Calhoun County, Alabama, Family Court Division, confirming a consent agreement between himself and Brenda Lee Nichols a/k/a Brenda Sullivan. He alleged the agreement was made pursuant to his pending petition for modification seeking custody and control of the child.
Defendant stated that both he and the child are domiciliarles and residents of the State of Alabama; that he had allowed plaintiff to take the child to her home in Louisiana for an unscheduled visit from October 27, 1998, until November 3, 1998, but that plaintiff failed to return the child to him and would not allow him to pick the child up and return home to Alabama with her.
Defendant alleged further that plaintiff had contacted the Louisiana Office of Community Services with allegations of sexual abuse of A.N.M. by him, that an investigation had been conducted by an employee of O.C.S., that the child had denied abuse to the investigator, and that no action had been taken against him. He stated that | ¿plaintiff had made similar allegations of abuse against him to the State of Alabama Department of Human Resources, which had been dismissed as unsubstantiated.
Defendant asserted that the Louisiana court is without jurisdiction in personam over the child because Louisiana is not her home state, the child is in Louisiana in violation of an Alabama court order, and there is no substantiated evidence that the care given to the child by her father at their home in Alabama is substandard or that the child is in any way endangered. He asserted further that there is ongoing litigation in the State of Alabama, which has established jurisdiction, and that the custody litigation is pending because it may be reopened by changes in circumstance. In support of his exceptions defendant attached a copy of the Settlement Agreement and the Alabama judgment based on it.
On December 16,1998 the commissioner maintained defendant’s exceptions and verbally rescinded his ex parte order of extended visitation.
On December 17, 1998 plaintiff filed a motion for review of the commissioner’s ruling granting defendant’s exceptions. On December 21, 1998 after the district court had reviewed the record, considered the ruling and orders of the commissioner, and taken notice of the Alabama court order granting physical custody to defendant, the district court ordered that plaintiff immediately relinquish custody of the child and surrender the child to defendant.
On December 21, 1998 the domestic commissioner signed a written order maintaining the exceptions and rescinding the ex parte order of extended visitation. Defendant obtained a civil warrant for return of the child to him and the warrant was executed by police officers.
On January 14, 1999 defendant filed a rule for contempt, alleging that pursuant to the court’s order of December 21, 1998, police had recovered the child from plaintiff and returned her to him; that he and the child had returned to Alabama; but that on or about | January 3,1999, plaintiff had taken the child from the home of the child’s paternal grandparents, without permission or authority. He sought a contempt ruling against plaintiff for willful disobedience of the court’s orders.
According to defendant’s brief, on January 14, 1999 plaintiff was arrested in Jefferson Parish on an Alabama criminal warrant for felony interference with a child custody order. Following plaintiffs ar *1175 rest, the child was placed in custody with OCS until January 19, 1999, when a hearing took place in juvenile court at which the investigating OCS case workers testified. Defendant states that after the hearing the juvenile court released the child to the defendant’s custody.
On February 11, 1999 plaintiff filed a petition for emergency custody under the Uniform Child Custody Jurisdiction Law, pursuant to La. R.S. 13:1702(A)(3)(ii). Plaintiff asserted that on January 3, 1999 she had noticed bruises on the body of A.N.M. and that the child said her dad beat her “for telling what he did to her.” Plaintiff stated she had removed the child from defendant’s custody [in Alabama] to protect her and had returned to Louisiana with her to seek medical attention. Plaintiff asserted she had documented abuse of the child by defendant and she sought to have the child placed under jurisdiction of the Louisiana court and in custody of plaintiff or of another relative pending determination of jurisdiction. She sought immediate removal of the child from defendant’s home for that purpose.
The district court refused to order emergency transfer of physical custody to plaintiff, but set the matter for hearing on February 18, 1999, the same date as previously set for hearing of defendant’s contempt rule against plaintiff. The hearing date was later continued to March 26, 1999.
On March 5, 1999, defendant filed decli-natory exceptions of lis pendens and lack of personal jurisdiction, on the same ground as previously asserted in his prior exceptions. He also filed an exception of lack of subject matter jurisdiction. On April 8, |fi1999 the district court signed a judgment sustaining defendant’s exceptions of lis pendens and lack of jurisdiction and decreeing that the proper venue for the matter is the State of Alabama.
Plaintiff has appealed that ruling. She contends the trial court erred in ruling that Alabama is the appropriate jurisdiction in this matter. She asserts the trial court erred in refusing to allow her to present evidence regarding her abuse allegations. She contends the best interest of the child dictates that Louisiana assume jurisdiction because the evidence of the abuse is accessible here and there is “substantial evidence concerning the necessity for the child’s protection” available in Louisiana. (Plaintiff asserts her claims are supported by a physician and a social worker who examined her child.)
This case is governed by the Uniform Child Custody Jurisdiction Law (UCCJL), La. R.S. 18:1700, et seq. The section dealing with jurisdiction is La. R.S. 13:1702, which provides in pertinent part:
A. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
* * *
(2) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the child’s present or future care, protection, training, and personal relationships; or
(3) The child is physically present in this state and (i) the child has been abandoned or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or
[[Image here]]
B. Except under Paragraphs (3) and (4)of Subsection A, physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.
*1176 C. Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody.
|7When there is an existing custody decree of another state, Louisiana courts may not decide a custody matter between the same parties unless the court of the other state no longer has, or has declined to take, jurisdiction and unless the Louisiana court itself has jurisdiction. La. R.S. 13:1713(A); Dillon v. Medellin, 409 So.2d 570, 573 (La.1982).
Plaintiff concedes that Louisiana is not the home state of the child, but asserts that Louisiana should exercise emergency jurisdiction in the best interest of the child, pursuant to La. R.S. 13:1702(A)(3)(ii).
Our supreme court has interpreted the “emergency jurisdiction” provision as follows:
We construe this emergency provision as permitting a state, otherwise without jurisdiction over a visiting child or her non-resident mother, to take jurisdiction in a custody matter only if the immediate needs of the child require it because the child has been abandoned or otherwise mistreated, abused, or neglected. The statute contemplates that conditions in the asylum state and the immediacy of those conditions will provide both the necessity and the justification for the asylum state’s assuming jurisdiction over a custody matter not otherwise within its province.... We do not construe La.R.S. 13:1702(A)(3) to mean that a child visiting an asylum state may be found to be in an emergency state of mistreatment, abuse, neglect or dependency because of allegations concerning conditions purportedly existing in the home state, conditions more appropriately and conveniently subject to the scrutiny of the courts of the domicile state.
Dillon v. Medellin, 409 So.2d at 575.
Thus, emergency jurisdiction is reserved for extraordinary circumstances and exists only if required by the immediate needs of the child due to abandonment, mistreatment, abuse, or neglect. Dillon v. Medellin, 409 So.2d 570 (La.1982); Broadway v. Broadway, 623 So.2d 185 (La.App. 2 Cir.1993).
Further, in Louisiana the juvenile court has exclusive jurisdiction over emergency custody actions pursuant to La. R.S. 13:1702(A)(3). La. Ch.C. Art. 310.[2]
|sThe UCCJL also provides instructions for handling custody matters in this state when there are proceedings pending in other states:
A. A court of this state shall not exercise its jurisdiction under this Act if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this Part, unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons.
B. Before hearing the petition in a custody proceeding the court shall examine the pleadings and other information supplied by the parties under Section 1708 and shall consult the child custody registry established under Section 1715 concerning the pendency of proceedings with respect to the child in other states. If the court has reason to believe that proceedings may be pending in another state it shall direct an inquiry *1177 to the state court administrator or other appropriate official of the other state.
C. If the court is informed during the course of the proceeding that a proceeding concerning the custody of the child was pending in another state before the court assumed jurisdiction it shall stay the proceeding and communicate with the court in which the other proceeding is pending to the end that the issue may be litigated in the more appropriate forum and that information be exchanged in accordance with Sections 1718 through 1721.
La. R.S. 13:1705.
Although the record here does not indicate that the district court conferred with the Alabama court as directed by the statute, defendant’s allegations regarding ongoing | flproceedings in Alabama are not contradicted by plaintiff. The only basis for Louisiana jurisdiction asserted by plaintiff is emergency grounds under La. R.S. 13:1702(A)(3).
The UCCJL also penalizes parents who employ “self help” methods of gaining custody:
A. If the petitioner for an initial decree has wrongfully taken the child from another state or has engaged in similar reprehensible conduct the court may decline to exercise jurisdiction if this is just and proper under the circumstances.
B. Unless required in the interest of the child, the court shall not exercise its jurisdiction to modify a custody decree of another state if the petitioner, without consent of the person entitled to custody, has improperly removed the child from the physical custody of the person entitled to custody or has improperly retained the child after a visit or other temporary relinquishment of physical custody. If the petitioner has violated any other provision of a custody decree of another state the court may decline to exercise its jurisdiction if this is just and proper under the circumstances.
La. R.S. 13:1707.
Based on all the above statutes, we find there was ample basis for the district court to grant defendant’s exceptions and dismiss plaintiffs suit. Not only are there ongoing custody proceedings in Alabama, which are subject to being reopened at any time (La. R.S. 13:1705), but also the juvenile court was the proper venue to file custody proceedings based on emergency grounds. In addition, plaintiff improperly retained the child after visitation here in Louisiana and also later wrongfully took the child from her home state, Alabama, without legal authority to do so (La. R.S. 13:1707).
For the foregoing reasons, the judgment is affirmed. Costs of appeal are assessed against the appellant.

AFFIRMED.

. La. C.C.P.. Art. 10 sets out the bases for jurisdiction over status. The relevant portion reads:
A. A court which is otherwise competent under the laws of this state has jurisdiction of the following actions or proceedings only under the following conditions:
[[Image here]]
(5) A proceeding to obtain the legal custody of a minor if he is domiciled in, or is in, this state.

. La. Ch.C. Art. 310 provides:
A. Unless declined, a court exercising juvenile court jurisdiction shall have exclusive original jurisdiction over cases subject to the provisions of the Uniform Child Custody Jurisdiction Act, pursuant to R.S. 13:1701 et seq., when in such interstate custody disputes any of the following occur:
(1) A claim of emergency jurisdiction is made pursuant to R.S. 13:1702(A)(3).
❖ * *
B. The district courts shall have exclusive original jurisdiction over all other claims of jurisdiction under the Uniform Child Custody Jurisdiction Act and claims of emergency jurisdiction when declined by the juvenile court.