772 So.2d 302 (2000)
Charles H. BRADFORD, Plaintiff-Appellant,
v.
Veola McFarrin BRADFORD, Defendant-Appellee.
No. 33,985-CA.
Court of Appeal of Louisiana, Second Circuit.
November 1, 2000.
Rehearing Denied November 30, 2000.
*303 Charles Henry Bradford, Appellant in Proper Person.
Charles E. Herring, Jr., Bastrop, Counsel for Appellee.
Before BROWN, WILLIAMS and STEWART, JJ.
BROWN, J.,
In this domestic litigation, the trial court sustained an exception of subject matter jurisdiction in favor of defendant, Veola McFarrin Bradford, based upon its finding that Michigan, not Louisiana, was the proper forum in which to bring divorce and child custody proceedings. The court also imposed sanctions upon the pro se plaintiff, Charles Henry Bradford, for violating the provisions of La. C.C.P. art. 863. For the reasons set forth below, we affirm.

Facts and Procedural Background
In July 1999, plaintiff filed a petition for divorce and "incidental matters," including child custody, in the Fourth Judicial District Court, Morehouse Parish, Louisiana. In his petition, plaintiff alleged that defendant was a citizen of Louisiana, but was "currently absent from the state" and residing in Michigan. Plaintiff further alleged that he and his wife were married in Michigan in 1992, but that Morehouse Parish "was established and remained their matrimonial domicile until the date of separation." According to plaintiff, their minor child was in his physical custody and he sought a temporary custody order pending a hearing.
With respect to divorce, plaintiff alleged that he and his wife had been living separate and apart continuously since June 16, 1999, and had not reconciled. Plaintiff asserted that he was without fault in the breakup of the marriage and he asked to be decreed the owner of an undivided one-half interest in the property of the community.
Plaintiff's petition concluded by praying for a judgment of divorce upon the expiration of 180 days from service of his petition; a grant of temporary custody pending a hearing on the issue of custody; an award of joint custody of the minor child, with him being designated as the domiciliary parent; and recognition of his co-ownership of community property, entitling him to an undivided one-half interest in the property.
A curator ad hoc was appointed for the absent defendant. Through the appointed curator, defendant appeared solely for the purpose of filing an exception of prescription and motion for sanctions. According to defendant, she and her daughter were domiciled in Michigan and had resided there since May 1998. Defendant further alleged that the minor child was abducted by plaintiff and brought to Louisiana, where he then filed his petition and obtained a temporary custody order before returning to Michigan a couple of days later with the child. Defendant also alleged that plaintiff was a domiciliary of Michigan at the time he filed suit in Louisiana. According to defendant, plaintiff established his domicile in Michigan in January 1999 and continued to maintain his domicile there except for a few days when he came to Louisiana to file suit and obtain the temporary custody order.
Finally, defendant asserted that plaintiff should be sanctioned for violating the provisions of La. C.C.P. art. 863 which require pleadings to be well grounded in fact, warranted with respect to existing law and not interposed for any improper purpose.
After a hearing on August 16, 1999, at which both plaintiff and defendant testified, the court orally set forth its factual and legal findings:
The evidence clearly indicates to the Court that the defendant ... Veola McFarrin Bradford moved to the state of Michigan in September 1998 and at *304 that time began the process of establishing her residence there. The record clearly indicates that she sought employment in the state of Michigan well prior to the time of the commencement of these proceedings. The Court is of the opinion that her actions clearly indicate her intent in September of 1998 to relocate or locate back to the state of Michigan and the Court is of the opinion that all of her actions from the time she moved until this proceeding was filed in the state of Louisiana clearly indicated that it was her initial intent and continuing intent to change her residence to the state of Michigan.
Indeed she obtained continuing employment in the state of Michigan. She enrolled at Western Michigan University and I would like to specifically state that the Court noted on the enrollment form non-resident student. Well what you've got to look to there is what the university system's policy as to the period of time one must live in that particular state to qualify as a resident student under the education provisions of that university system. Additionally, she has subsequently obtained a driver's license.
The Court has also noted, however, that the evidence clearly indicates that utilities, specifically telephone service, a couple of other things were in the name of the plaintiff in this matter, Charles Henry Bradford as evidenced by his own tender into evidence in this Court of a past-due telephone bill. It is also indicated by his testimony that from time to time he lived either wanted or unwanted in the same apartment with the defendant in this proceeding today and the Court has formed the opinion that the evidence clearly shows that the plaintiff, Charles Henry Bradford, indeed by his actions and his acquiescence, acquiesced to the defendant's move to Michigan. Additionally the Court noted in the first testimony given by Mr. Bradford today that he proudly proclaims that he is a resident of more than one place; has businesses in more than one place. He also admits that he has family, including his mother, in the state of Michigan and the Court is of the opinion that concerning the jurisdictional issues of this case that the court of proper jurisdiction is the ... court in Kalamazoo, Michigan, not the Fourth Judicial District Court of the State of Louisiana. The exception... [is] sustained at mover's cost.
* * *
The Court further notes that this child... was enrolled in school consistently in Michigan from the time of September 1998 through June or July of 1999. Every indication of this Court indicates to the Court and every action of the party indicates to the Court that it was this party's intent to establish permanent residence in the state of Michigan and the Court is of the opinion that Michigan is the court of proper jurisdiction.
It is from the trial court's judgment sustaining the exception of prescription and dismissing his action that plaintiff has appealed.

Discussion
Although the pro se plaintiff specified three issues in his appellate brief, he basically raises only one issue on appeal, i.e., whether the trial court erred in concluding that Michigan, rather than Louisiana, has subject matter jurisdiction based on the domicile of the parties.[1]
The Uniform Child Custody Jurisdiction Act ("UCCJA"), La. R.S. 13:1700 et seq., serves two paramount purposes: (1) avoiding jurisdictional competition among the states; and (2) promoting *305 resolution of custody disputes by the forum deemed most likely to have the maximum amount of relevant information about the case. Lopez v. Lopez, 27,330 (La. App.2d Cir.09/27/95), 661 So.2d 665 (citations omitted). The underlying principle of the UCCJA is the best interest of the child and the act is to be construed to promote these goals. La. R.S. 13:1700(B); Lopez, supra.
La. R.S. 13:1702(A) provides in part:
A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(1) This state (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
(2) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationships[.]
"Home state" is defined in La. R.S. 13:1701(5) as:
the state in which the child immediately preceding the time involved lived with his parents, a parent, or a person acting as parent, for at least six consecutive months, and in the case of a child less than six months old the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the six-month or other period.
With its adoption of the UCCJA, Louisiana has, with limited exception, restricted its jurisdiction in interstate custody disputes to two situations: those in which it is the child's home state, La. R.S. 13:1702(A)(1), and those in which there is a significant connection between this state, the child and at least one contestant, La. R.S. 13:1702(A)(2). Revere v. Revere, 389 So.2d 1277 (La.1980); Anton v. Anton, 97-0792 (La.App. 4th Cir.05/14/97), 694 So.2d 1217.
It is obvious from the factual findings quoted above that the trial court concluded that Michigan, not Louisiana, was the home state of the minor child and was therefore the state in which proper jurisdiction existed pursuant to the UCCJA. Although the court did not specifically so state, the court's reasons plainly show that it did not find any "significant connection" with this state such that jurisdiction would be proper under the UCCJA in Louisiana.
The trial court's conclusion, based upon the aforementioned factual determinations, is subject to the manifest error standard. Our review of the record does not disclose that the trial court erred in concluding that Michigan, not Louisiana, was the proper state for the instant child custody proceedings.
We note that while the trial court devoted most of its attention to the issue of jurisdiction as it relates to child custody, the court also concluded that Michigan was where "the plaintiff ... has ample opportunity to bring whatever rule he may wish concerning divorce, custody, property settlement, et cetera." By granting the exception to jurisdiction, the court obviously found that Louisiana was not a proper forum for plaintiff's divorce action. Under La. C.C.P. art. 10(A)(7), a court which is otherwise competent under the laws of this state has jurisdiction over an action for divorce if, at the time of filing, one or both of the spouses are domiciled in this state. The court apparently concluded that neither *306 plaintiff nor defendant was domiciled in Louisiana at the time plaintiff filed his petition.
Again, this finding is based upon the trial court's factual determinations which, after reviewing the record, we do not find to be clearly wrong. Defendant, whom the court found to be the more credible witness, testified that plaintiff moved to Michigan around January of 1999, that he opened a business in Michigan and that to defendant's knowledge, plaintiff never returned to Louisiana to live after that time. Instead, he only returned to Louisiana "to take care of some business." We also note the court's observation that plaintiff "proudly proclaims that he is a resident of more than one place," "has businesses in more than one place," and "admits that he has family, including his mother, in the state of Michigan." Clearly this record contains a reasonable factual basis for the trial court's conclusion that, despite plaintiffs attempts to establish the contrary, he was a domiciliary of Michigan when he filed the instant action in Louisiana.

Conclusion
For the reasons set forth above, the judgment of the trial court is affirmed at appellant's cost.

APPLICATION FOR REHEARING
Before NORRIS, C.J., and BROWN, WILLIAMS, STEWART, and GASKINS, JJ.
Rehearing denied.
NOTES
[1] Although plaintiff in his brief asserted that the trial court erred in imposing sanctions and awarding attorney fees, he failed to either assign this as error or expound any further upon this statement. Therefore, this issue is considered abandoned and will not be addressed by the court. See URCA 2-12.4; McCrocklin v. Saterfiel, 31,144 (La.App.2d Cir.02/28/98), 720 So.2d 1258, writ denied, 98-2979 (La.01/29/99), 736 So.2d 837.