BROWN, C.J.
Maternal grandparents have appealed from the trial court’s dismissal of their latest attempt to obtain custody of their eight-year-old grandson. Their petition was described by the trial court as “... a rather unique perhaps ingenious combination of ... a ‘Child in Need of Care’ proceeding with ... allegations that Louisiana has jurisdiction under the Uniform Child Custody Jurisdiction Act because of ... an emergency.” Finding no error, we affirm.

Brief Factual Background

The grandparents, Richard and Marian Pearson, had been granted visitation for the month of July 2003 with the child after losing custody of the boy to his father, Scott Lamp, in an action in the Fifth Judicial District Court, West Carroll Parish, Louisiana. See Lamp v. Lamp, 36,919 (La.App.2d Cir.12/11/02), 833 So.2d 1224. On August 1, 2003, at the end of their summer visitation, the Pearsons filed a petition for adjudication of a child in need of care and a motion for an emergency protective order in the Sixth Judicial District Court, East Carroll Parish, Louisiana. On August 6, 2003, a hearing was held; the only issue addressed by the trial court was jurisdiction. The court found that: Arkansas was the home state of the child; any investigation into allegations of abuse occurring in Arkansas should be conducted in that state; and, any request for a modification of custody should be heard in either the child’s home state, Arkansas, or the Fifth Judicial District Court. The trial court dismissed the Pearsons’ petition and denied their request for alternative relief.

Discussion

Louisiana adopted its version of the Uniform Child Custody Jurisdiction Act (“UCCJA”), La. R.S. 13:1700 et seq., in 1978. The primary purposes of the UC-CJA are to avoid jurisdictional competition among the states, and to promote resolution of custody disputes by the forum most likely to have the greatest amount of relevant information about the case. Bradford v. Bradford, 33,985 (La.App.2d Cir.11/01/00), 772 So.2d 302; Lopez v. Lopez, 27,330 (La.App.2d Cir.09/27/95), 661 So.2d 665.
In order for Louisiana to have jurisdiction over proceedings involving a minor child, one of the jurisdictional requirements of the UCCJA must be met at the time the petition is filed. Broadway v. Broadway, 623 So.2d 185 (La.App. 2d Cir. 1993). In preferential order, the bases for jurisdiction under the UCCJA are: (1) home state; (2) significant connection, plus *1076 evidence regarding the best interest of the child; (3) emergency; and (4) default jurisdiction (no other state has jurisdiction or has declined it). La. R.S. 13:1702(A)(1)-(4); Renno v. Evans, 580 So.2d 945 (La.App. 2d Cir.1991).
The home state is automatically given jurisdiction because theoretically, “the court of the home state is in the best position for evidence gathering and for exercising continuity of control so that when the home state has jurisdiction, courts of other states should generally defer to and cooperate with that jurisdiction.” Revere v. Revere, 389 So.2d 1277, 1279 (La.1980). In the instant case, it is uncontroverted that Arkansas is the child’s home state.
 An exception to the preferential consideration given to the child’s home state is continuing jurisdiction, which is retained by the state that rendered the original custody order, as long as it has not relinquished jurisdiction and jurisdiction requirements of the UCCJA are met at the time modification is sought. Holdsworth v. Holdsworth, 621 So.2d 71 (La.App. 2d Cir.1993); Gay v. Morrison, 511 So.2d 1173 (La.App. 4th Cir.1987), writ denied, 515 So.2d 1108 (La.1987). (Emphasis added). We note that as of September 17, 2003, the Fifth Judicial District Court, West Carroll Parish, Louisiana, after a conference with the judge of the Circuit Court of Benton County, Arkansas, relinquished jurisdiction as to “any future matters involving this case.” Therefore, continuing jurisdiction does not apply.
Second in preferential rank is “significant connection” jurisdiction. Renno, supra. This criterion provides a basis for jurisdiction if it is in the child’s best interest to determine custody in Louisiana, the child and at least one parent have significant connection to Louisiana, and the maximum amount of evidence concerning the child is available in Louisiana. Johnson v. Johnson, 31,038 (La.App.2d Cir.09/23/98), 718 So.2d 629; Broadway, supra.
Under the circumstances of the instant case, we do not find that it is in the best interest of the child for this state to exert jurisdiction on a “significant connection” basis. Before the boy’s father, Scott Lamp, obtained custody, the child’s presence in Louisiana with his grandparents was not with the consent of the child’s father, who hired investigators and searched for his ex-wife and son over a four-year period. In Lamp, supra, this court recognized that the Pearsons bore a “significant amount of responsibility” for the situation, having “gone to considerable lengths to eradicate all vestiges of [the father] and his family” from the child’s life, including a petition to change the child’s name from Lamp to Pearson alleging that the whereabouts of the father was unknown. Id. at 1232. Upon locating his son, rather than seizing the child and hiding with him (as had been done by the mother and grandparents), Scott Lamp immediately filed for custody, first in Arkansas and then in the Fifth Judicial District Court in Louisiana. A protracted custody dispute ensued, with Scott being given custody of his son, with whom he had not had any meaningful contact since the child was 18 months old. The child’s connection to Louisiana under these circumstances cannot be classified as “significant” such that jurisdiction would be appropriate and, as noted by the trial court, the only current connection with Louisiana was the child’s summer visitation with his grandparents.
Thus, the only possible basis for jurisdiction in this matter would be emergency. As noted by the court in Dillon v. Medellin, 409 So.2d 570 (La.1982), emergency jurisdiction is reserved for extraordinary circumstances and exists only if *1077 required by the immediate needs of the child due to abandonment, mistreatment, abuse or neglect. See also Renno, supra; Sullivan v. Mitchell, 99-946 (La.App. 5th Cir.01/25/00), 750 So.2d 1173; State in the Interest of Fischer, 95-2007 (La.App. 4th Cir.12/28/95), 666 So.2d 724. Under this provision, jurisdiction can be conferred when the child is present in this state and there exists an emergency requiring the child’s immediate protection. Kelly v. Gervais, 567 So.2d 593 (La.1990); Renno, supra. (Emphasis added).
More than conclusory allegations are required. Douglas v. Douglas, 528 So.2d 699 (La.App. 2d Cir.1988). Any alleged emergency must be serious, significant, immediate and based upon credible evidence. Dillon, supra. Furthermore, emergency jurisdiction is temporary; it must be asserted at the time there is a danger to the child and applies only if the child has urgent, immediate and serious needs requiring assertion of jurisdiction. Dillon, supra; Renno, supra. (Emphasis added).
The trial court did not err in finding no basis for the exercise of emergency jurisdiction in this matter. In the custody case in the Fifth J.D.C. permanent custody was awarded to the father effective January 1, 2003. In March 2003, the Pearsons filed abuse allegations with Arkansas authorities. Thereafter, the Pearsons waited until the “last possible moment”, the last day of their month-long summer visitation, to file their child in need of care petition with the Sixth J.D.C. As noted by the trial court, their petition alleged abuse that occurred in Arkansas; however, the allegations were not particular as to dates. Considering the history of this custody matter, the trial court raised questions of forum shopping. As the trial court stated, “If there is abuse occurring in Arkansas it seems to this Court that Arkansas would be the most appropriate place ... to investigate and protect the child if necessary.” We agree.

Conclusion

For the reasons set forth above, the judgment of the trial court is affirmed. Costs are assessed to petitioners-appellants.