572 So.2d 341 (1990)
Diane Dansereau GRAY
v.
David Wayne GRAY.
No. 90-CA-480.
Court of Appeal of Louisiana, Fifth Circuit.
December 12, 1990.
*342 Pat M. Franz, Metairie, for plaintiff/appellee.
Craig J. Cimo, Gretna, for defendant/appellant.
Before KLEIBERT, BOWES and WICKER, JJ.
WICKER, Judge.
David Wayne Gray appeals a judgment in favor of his wife, Diane Dansereau Gray, which finds Jefferson Parish the proper jurisdiction for adjudicating the visitation and custody of their minor child, Laura Elizabeth Gray. We affirm.
Mr. and Mrs. Gray were married in Jefferson Parish but immediately moved to Texas to establish their matrimonial domicile. Their daughter was born on December 27, 1988. On December 6, 1989, when Laura was not quite one year old, Mrs. Gray left Texas, taking Laura with her, and moved to Jefferson Parish to live with her parents. She filed suit in Jefferson Parish on January 16, 1990, requesting a separation, custody, and support. Mr. Gray filed suit in Texas on February 15, 1990, requesting a divorce and custody. Mr. Gray then excepted to Mrs. Gray's petition on the grounds that Jefferson Parish lacked jurisdiction over the matter.
The judge ruled that his court had jurisdiction over the issues of custody and visitation as well as subject matter jurisdiction in general. He also ruled that he lacked personal jurisdiction over Mr. Gray. He outlined his reasons:
Under Louisiana law, looking at the UCCJA under Section 1702.2 I find that one of the parents live[s] here along with the child and that there is available in the state substantial evidence concerning the child's present or future care, protection and training and personal relationships.... [I] don't know what is available for that child present and future in Texas. I know what is available for that child present and future in Louisiana. And, that is he [sic] has a mother that cares, she may have had a drug problem in Texas, it appears to be under control. She hadshe lives with grandparents, it seems to be a stable environment for the child. I don't know that in Texas. Under 1702.2 I think that is sufficient for me to exercise jurisdiction.
Then Mr. Gray moved for a new trial, which was denied, again with reasons:
We are dealing with a child that is very, very young and do not look to the normal conditions as set out in that article talking about school, attendance records or school, doctor visits. We are dealing with an infant child that has probably spent ninety percent of its time with its mother. You're dealing with a child that needs care, not the care it needs as a six, seven, eight year old having listened to the facts and having heard all of the testimony in this case. I made my determination not directly on the fact of what is going to happen in the future. I said that I've made a large part of my decision on that because he brought no evidence as to the future circumstances in Texas.
The judge granted a stay in favor of Mr. Gray pending this appeal. The ruling complained of only involves the question of jurisdiction under the Uniform Child Custody Jurisdiction Act, La.R.S. 13:1700 et seq. and does not purport to award custody or visitation.
The UCCJA's provisions, which have been adopted by all states and the District of Columbia, were designed to guide the court in making determinations of jurisdiction where more than one state had jurisdiction over custody. Several sets of standards to determine jurisdiction are provided by the UCCJA: home state (1702A), significant connection (1702B), inconvenient forum (1706), and wrongful conduct (1707). Janik v. Janik, 542 So.2d 615 (La.App. 5th Cir.1989).
When Mrs. Gray moved to Jefferson Parish with Laura, Texas was clearly Laura's home state since she had "lived with [her] parents ... for at least six consecutive *343 months...." La.R.S. 13:1701(5). Thus, the Texas court would have jurisdiction under La.R.S. 13:1702A(1). At this point Louisiana has concurrent jurisdiction since "(i) the child ... and at least one contestant [Mrs. Gray], have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships...." La.R.S. 13:1702A(2). Where there is concurrent jurisdiction, the court may resolve the issue according to priority of filing. Revere v. Revere, 389 So.2d 1277 (La.1980).
Mrs. Gray testified that she had lived in Texas with her husband and baby from the time of her marriage until she left in December of 1989. She came back to her home and her parents in Metairie, and she has lived and intends to live there with them. Laura had no school or day care records or unusual medical records in Texas. Also, during the year that Laura lived in Texas, Mrs. Gray and her daughter made three visits each lasting three or four weeks with her parents in Metairie. Mrs. Gray was Laura's sole caretaker while they were living in Texas. At the present time, Mrs. Gray works and her parents or her cousin care for Laura during working hours. Mrs. Gray admitted addiction to prescription drugs, resulting in a voluntary thirty-day admission to a substance abuse program while in Texas. She also noted that she was receiving treatment here in Louisiana for the problem. She also admitted that she was arrested in Texas for trying to have a forged prescription filled and that Laura was with her at the time of the arrest.
Mr. Ralph Dansereau, her father, testified that Mrs. Gray gives loving and tender care to Laura and that she doesn't neglect or abuse the child. He and Mrs. Gray's mother care for Laura during the evening hours while Mrs. Gray works, and Mrs. Gray cares for her during the day. He testified that Mrs. Gray has had no drug problems since her return home and that he monitors this.
Mr. Gray introduced the record of the Texas proceedings. That record shows that the Texas court found it had jurisdiction over the matter. However, this was a temporary order. The judge called the Texas court on the day of this hearing, and the Texas judge advised him that only temporary jurisdiction over the matter had been accepted.
We do not believe that the judge was manifestly wrong in concluding that Louisiana had jurisdiction over this custody proceeding under La.R.S. 13:1702A(2)(i) and (ii). Information about Mrs. Gray's background and about Laura's present and future care are readily available in Louisiana. Laura lived only a year in Texas, as an infant, and in that time did not develop a school record or associations that would be relevant to a determination of her best interests. Mr. Gray points out that evidence of Mrs. Gray's drug problems, in the form of medical and pharmaceutical records, are found in Texas. However, we see no reason why those records cannot be admitted here nor why deposition testimony cannot be obtained. The records of Mrs. Gray's continuing treatment for those drug problems are found in Louisiana. Finally, the Louisiana proceeding was filed before the Texas one.
We affirm the denial of David Wayne Gray's exception to the court's jurisdiction. Mr. Gray must pay the costs of this appeal.
AFFIRMED.