894 So.2d 349 (2004)
Becky Bouton STELLUTO
v.
Donald Louis STELLUTO.
No. 2004-CA-0755.
Court of Appeal of Louisiana, Fourth Circuit.
December 22, 2004.
Writ Granted February 25, 2005.
D. Douglas Howard, Jr., Danyelle M. Taylor, New Orleans, LA, for Plaintiff/Appellee.
David M. Prados, Lowe, Stein, Hoffman, Allweiss & Hauver, L.L.P., New Orleans, LA, for Defendant/Appellant.
(Court composed of Judge CHARLES R. JONES, Judge PATRICIA RIVET MURRAY, Judge JAMES F. McKAY, III, DENNIS R. BAGNERIS SR. and Judge MICHAEL E. KIRBY).
CHARLES R. JONES, Judge.
The present suit arises out an interstate custody dispute resulting from the removal of Anna Christina Stelluto, the daughter of Donald Louis Stelluto, from California to Louisiana by her mother, Becky Bouton Stelluto. Mr. Stelluto appeals the judgment of the district court denying his Exceptions of Lack of Subject Matter Jurisdiction, Venue, and Unauthorized Use of Summary Proceeding. Because we find procedural error, the instant matter is converted *350 to a supervisory writ application, and the writ is granted.

Procedural History
On November 6, 2003, Ms. Stelluto filed a Petition for Divorce, Sole Custody, Child Support, Interim Spousal Support, and Permanent Spousal Support in the State of Louisiana. Mr. Stelluto, who remained in the state of California, where the parties were married, was served with the petition for divorce by long-arm service. On November 19, 2003, Mr. Stelluto filed a petition in Orange County, California for dissolution of marriage, child custody, injunctive relief, and support. Ms. Stelluto was ordered by the California court to return their daughter, Anna Christina, to California, and a hearing date was set for December 10, 2003.
Subsequently, on November 20, 2003, Ms. Stelluto filed a Petition for Injunctive Relief, and the district court granted an order prohibiting Mr. Stelluto from removing the child from the State of Louisiana, pending further orders of the court. On December 2, 2003, Mr. Stelluto filed Exceptions of Lack of Subject Matter Jurisdiction, Lack of Personal Jurisdiction, Improper Venue, Insufficiency of Citation and Service of Process, and Unauthorized Use of Summary Proceeding. After the district court judge conferred with the presiding judge in California, all proceedings in California were stayed pending the resolution of the jurisdictional issue by the district court in Louisiana.
On February 19, 2004, the district court rendered a judgment denying Mr. Stelluto's Exceptions of Lack of Subject Matter Jurisdiction and Improper Venue as they related to custody and visitation, and denied his Exception of Unauthorized Use of Summary Proceeding. The district court further granted his Exceptions of Lack of Subject Matter Jurisdiction and Improper Venue as they related to child support and spousal support.
Mr. Stelluto next filed an application for supervisory writ in this Court seeking review of the February 19, 2004 judgment of the district court. This Court denied the writ application on the grounds that Mr. Stelluto had an adequate remedy on appeal. Following this Court's decision, Mr. Stelluto filed a writ application in the Louisiana Supreme Court, which also denied the writ application. Mr. Stelluto then filed a Petition and Motion for Appeal in the district court, and Ms. Stelluto filed an Answer to Appeal.
The district court judgment denying Mr. Stelluto's Exceptions of Lack of Subject Matter Jurisdiction, Improper Venue, and Unauthorized Use of Summary Proceeding are the subjects of the matter now before this Court.

Facts
Ms. Stelluto is a native of New Orleans, Louisiana. She received a degree in nursing and has been employed as a surgical nurse in several area hospitals. She met Mr. Stelluto, a history professor, in November of 2001, and later moved from New Orleans to Irvine, California to join him. The two were married in California on November 22, 2002, and Ms. Stelluto gave birth to their daughter, Anna, on September 25, 2003. Over the course of their marriage and throughout her pregnancy, Ms. Stelluto alleges that Mr. Stelluto's cruel treatment and lack of financial support rendered their marriage intolerable.
On October 30, 2003, Mr. Stelluto came home from work to find that Ms. Stelluto and her daughter were not at home. He later discovered a voice mail message from Ms. Stelluto stating that she and her daughter had gone to visit her mother's home in New Orleans. Although Mr. Stelluto did not have prior notice of the trip, *351 Mr. Stelluto stated that subsequent messages by Ms. Stelluto indicated that she and Anna were doing well, and would return to California after their visit.
On November 13, 2003, Mr. Stelluto was served with pleadings indicating that Ms. Stelluto had filed for divorce in New Orleans on November 6, 2003. Ms. Stelluto and Anna have since resided in New Orleans.

Discussion
This matter comes before us on appeal to determine whether Louisiana has jurisdiction over the present child custody dispute. Courts have held that a judgment overruling an exception of lack of subject matter jurisdiction is a nonappealable interlocutory judgment. Kyle v. Kyle, 358 So.2d 708 (La.App. 3rd Cir.1978). Although La. C.C.P. art. 2083 permits the appeal of an interlocutory judgment under limited circumstance, we do not feel that litigating custody and visitation in Louisiana constitutes irreparable injury in the instant matter. As this matter was timely filed in accordance with Rule 4-3 of the Uniform Rules  Courts of Appeal, we will exercise our supervisory jurisdiction and address the merits of the jurisdictional issue.
Mr. Stelluto avers that the district court erred in denying his exception of lack of subject matter jurisdiction. Specifically, Mr. Stelluto argues that California is the undisputed home state of his daughter, Anna, and the only state with sufficient significant connections to the child. We agree.
The Uniform Child Custody Jurisdiction Law ("UCCJA"), La. R.S. 13:1700 et seq. was enacted to avoid jurisdictional competition and instead to promote interstate cooperation, assistance, and the exchange of information in child custody decisions and decrees. Martin v. Martin, 545 So.2d 666, 668 (La.App. 5th Cir.1989). La. R.S. 13:1702 provides in pertinent part:
A. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(1) This state (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
(2) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships . . .
"Home state" is defined as "the state in which the child immediately preceding the time involved lived with his parents, a parent, or a person acting as parent, for at least six consecutive months." La. R.S. 13:1701(5). In instances where the child is less than six months old, the statute provides that the state in which the child lived from birth is the "home state." Id.
While a child's "home state" arguably provides a strong basis for jurisdiction, courts have acknowledged that jurisdiction may exist concurrently in more than one state under an alternative basis. In Revere v. Revere, 389 So.2d 1277 (La.1980), the court addressed the "significant connection standard" under La. R.S. 13:1702(2). The *352 court stated that, "this standard provides a best interest basis for jurisdiction when Louisiana has a legitimate concern as to custody and has superior access to evidence concerning the child's care, training, well being, and personal relationships." Revere, supra, at 1279, 1280. The court further noted that a state, which claims jurisdiction on the basis of significant connections, need not defer to the home state in every case. Id.
In deciding the most favorable jurisdiction to resolve issues of custody, the UCCJA has primarily focused on the strength of the connections between the minor child and the state. Amin v. Bakhaty, 01-1967, p. 6 (La.10/16/01), 798 So.2d 75, 81. However, our courts have generally held that the limitations imposed by the UCCJA are equivalent to declarations of subject matter jurisdiction necessitating that the jurisdictional requirements of the UCCJA be met at the time the custody request is filed. Id. Therefore, in order for a Louisiana court to assume jurisdiction in matters of child custody, it must be demonstrated that Louisiana has the strongest connections to the child at the time that suit is filed.
In the present case, the fact that California was Anna's "home state" at the time Ms. Stellutto filed for custody is not in dispute. La. R.S. 13:1701(5). While we recognize that the court in California would have jurisdiction under La. R.S. 13:1702(A)(1), it is necessary to determine whether Louisiana has significant connections to the child sufficient to establish jurisdiction. Moreover, we must examine Anna's best interests in terms of the most recent and relevant evidence concerning her community, circumstances, health, and personal relationships. Schroth v. Schroth, 449 So.2d 640, 643 (La.App. 4th Cir.1984).
We feel that Anna's tender age at the time she left California presents a unique situation that must be noted by this Court. During the course of Anna's life, Ms. Stelluto, who is a native of New Orleans, served as Anna's principal caregiver. Although Anna had contact with Mr. Stelluto's parents in California, Ms. Stelluto's mother assisted with the care of Anna for two of the four weeks that she was alive prior to Anna's move to Louisiana. Ms. Stelluto's family has since provided Anna with support during her time in New Orleans. Further, given that Anna was little more than a month old at the time she left California, we are unable to look at the normal conditions, such as school records and medical visits, which would be relevant to a child of greater age.
While we are cognizant of the fact that Anna has now resided in New Orleans for more than one year, and that Louisiana may now possess the most recent and relevant evidence of her care, we cannot say that Anna had significant connections with the state at the time Ms. Stelluto instituted her suit for custody. At the time of filing, Anna had only been in New Orleans for seven days and had no prior contact with Louisiana other than that her mother was a native of New Orleans, and that her grandmother resided there. This alone is not sufficient to confer subject matter jurisdiction upon our courts. See Lopez v. Lopez, 27,330 (La.App. 2 Cir. 9/27/95), 661 So.2d 665, 668; Young v. Young, 95-1300 (La.App. 3 Cir. 3/6/96), 670 So.2d 689, 692-693.
Ms. Stelluto urges that a Louisiana court may still have jurisdiction over a child custody suit even though the child had limited contact with Louisiana at the time of filing. In Gray v. Gray, 572 So.2d 341 (La.App. 5th Cir.1990), the Fifth Circuit affirmed a district court judgment overruling an exception of lack of subject *353 matter jurisdiction in a child custody matter. Although Texas was clearly the home state, and the child had only been in Louisiana a little more than a month at the time the suit was filed, the court found that Louisiana had jurisdiction based on significant connections with the state.
Gray is similar to the present matter in that a suit for custody was filed a short time after the child moved to Louisiana. Otherwise, we find it to be factually distinguishable. Unlike Ms. Stelluto, the mother in Gray brought her child to Louisiana for three visits each lasting three or four weeks during the year that the child lived in Texas. While the court reasoned that information concerning the child's present and future care was readily available in Louisiana, it was also necessary to show that the contesting parent and the child had contact with the state. La. R.S. 13:1702(A)(2). In contrast, Anna's only connections to Louisiana at the time of filing were her mother and grandmother. Arguably, the facts of Gray evidence more substantial contact with the state. Therefore, we find that the district court erred in denying Mr. Stelluto's exception of subject matter jurisdiction.
Mr. Stelluto also contends that the district court erred in denying his Exceptions of Improper Venue and Unauthorized Use of Summary Proceeding, and in not explicitly granting his Exception of Lack of Jurisdiction over the incidental matter of community property. However, in light of our above determination, all matters as they relate to custody are rendered moot. Further, as the district court lacks jurisdiction, we defer resolution of any other matters relevant to these proceedings to the court in California. Accordingly, the writ application filed by Donald Stelluto is hereby granted. The judgment of the district court denying his Exception of Lack of Subject Matter Jurisdiction is reversed. Additionally, Ms. Stelluto's Answer to Appeal is denied.

APPEAL CONVERTED TO AN APPLICATION FOR SUPERVISORY WRIT; WRIT GRANTED.
MURRAY, J., dissents and assigns reasons.
MURRAY, J., DISSENTS AND ASSIGNS REASONS.
For the following reasons, I dissent from the majority's reversal of the trial court's decision.
As the majority recognizes, a state that claims jurisdiction on the basis of significant connections need not defer to the home state in every case. See Revere v. Revere, 389 So.2d 1277, 1279-1280 (La.1980). The majority also notes that the tender age of the child in this case presents a unique situation. Nevertheless, the majority goes on to hold that Anna's presence in Louisiana for seven days at the time the suit was filed without other significant connections is insufficient to confer jurisdiction upon Louisiana. I disagree.
In my view, the majority's conclusion fails to take into account the age of the child at the time suit was filed. The issue of significant connections cannot be decided in a vacuum. In the instant case, considering that the child was approximately one month old when her mother relocated with her to Louisiana and was only a week older when the custody suit was filed, the extent of the possible connections between this infant and any state are severely limited by the child's age. Given this fact, I believe the connections Anna had to Louisiana were at least as significant, if not more so, than her connections to California. The most important relationship at this stage of Anna's life was clearly her relationship to her mother, who was her primary caregiver and from whom she had *354 never been separated. Moreover, when Anna needed additional care (for approximately half the time she lived in California) that care was provided by her Louisiana-based grandmother. The majority distinguishes Gray v. Gray, 572 So.2d 341 (La.App. 5th Cir.1990), by noting that Anna's only connections to Louisiana at the time of filing were her mother and her grandmother. This supposed distinction ignores the fact that, under normal circumstances, a five-week old infant can have no connection more significant than the connection to her mother, which therefore should be weighed more heavily in the balancing test than any other factors.
The overriding consideration when applying the rules of the UCCJA must be the best interests of the child. See Amin v. Bakhaty, XXXX-XXXX, pp. 9-10 (La.10/16/01), 798 So.2d 75, 83. As the Supreme Court noted in Amin, when two states can legitimately claim a basis to assert "significant connection" jurisdiction, the law requires a comparative determination regarding which jurisdiction will serve the best interests of the child. In the instant case, it is clearly not in Anna's best interest now, nor would it have been at the time suit was filed, to require her mother to take her to California to litigate custody. I therefore agree with the trial court that the child has more significant connections to Louisiana than to California, or alternatively, that the connections are at least equivalent, in which case Louisiana has jurisdiction as the state where the action was first filed.
My opinion might be different if the trial court had found, as a matter of fact, that Ms. Stelluto had engaged in reprehensible conduct under the UCCJA or had moved to Louisiana for the sole reason of establishing jurisdiction here, which the trial court did not find. Under the circumstances presented herein, I cannot say that the trial court erred by denying Mr. Stelutto's exception of lack of subject matter jurisdiction. Accordingly, I respectfully dissent.